UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DEANNA MARLENE BELLAVIA aka
DEANNA KING,

                    Plaintiff,

vs.

ORLEANS COUNTY, ORLEANS COUNTY SHERIFF'S DEPARTMENT, ORLEANS COUNTY DISTRICT ATTORNEY, COREY BLACK, DEPUTY JOHN DOE, and DAVID BELLAVIA,

                    Defendant.

**DECLARATION OF DONALD W. O'BRIEN, JR., ESQ.**

Case No.: 22-CV-842

STATE OF NEW YORK   )
COUNTY OF MONROE   ) ss.:

**Donald W. O'Brien, Jr., Esq.,** under penalty of perjury, declares and states as follows:

1. I am an attorney and member of the firm of Woods Oviatt Gilman LLP, counsel for Defendant, David Bellavia ("Mr. Bellavia") in this action brought by Plaintiff, Deanna Marlene Bellavia a/k/a Deanna King ("Ms. King"). As such, I am fully familiar with the facts and circumstances of this action.

2. I make this declaration in support of the Defendant's motion for an order sealing the following documents generated in connection with the divorce proceeding between Mr. Bellavia and Ms. King: (1) the Judgment of Divorce, dated December 28, 2021 ("the Judgment"), (2) the parties written Custody, Support and Property Settlement Agreement filed December 7, 2021 ("the Agreement"), (3) the Decision and Order filed on February 4, 2021 ("the First Protective Order"), and (4) and the Second Protective Order filed on March 11, 2021 ("the Second Protective Order" (collectively, "the Divorce Documents").

{9068104: }

3. This motion to seal is made pursuant to Rule 5.3 of the Local Rules of Civil Procedure for the United States District Court for the Western District of New York and Guideline 2(R)(i) of the Administrative Procedures Guide.

4. This motion is being submitted along with Mr. Bellavia's motion to dismiss the complaint as against him pursuant to Rule 12(b)(6) and his motion to strike paragraphs 11 through 17 and 19 through 28 of the Plaintiff's Complaint pursuant to Rule 12(f).

5. In support of his motion to strike, Mr. Bellavia is arguing that the applicable law authorizes the striking of any prejudicial matter contained in a pleading which is irrelevant the underlying claim. In addition, Mr. Bellavia contends that the inclusion of the offending paragraphs of the complaint violates the mutual non-disparagement and non-disclosure restrictions contained in the Divorce Documents.

6. The operative events alleged in the instant complaint occurred *prior to* the negotiations of the stipulation which is the foundation of the divorce decree. Thus, at the time the Complaint in this action was filed by Plaintiff and its contents became a matter of public record, Plaintiff and her counsel were well aware of the restrictions placed on their ability to engage in such unrestrained and harmful public disclosures.

7. Mr. Bellavia believes that the filing of the Complaint in this case, containing the disparaging and irrelevant paragraphs (paragraphs 11 through 17 and 19 through 28) which are the subject of his motion to strike, was an improper attempt by the Plaintiff and/or her counsel to effect an end run around the Judgment, the Agreement and the two Protective Orders.

8. Had the Plaintiff believed that the challenged paragraphs of her Complaint were critical to her presentation in that pleading, she could have easily honored the non-disclosure and non- disparagement promises she made in the Agreement and the obligations imposed upon her by the Judgment and the two Protective Orders by moving to file the papers under seal. Instead,

by eschewing such precautions, the Complaint, with these prejudicial and irrelevant paragraphs contained therein, became a matter of public record.

9. Mr. Bellavia respectfully submits that the attached Divorce Documents should be considered as evidence of the promises made by the Plaintiff and the obligations imposed upon her not to disparage her ex-husband but should be filed under seal to prevent the unnecessary disclosure of sensitive personal information.

Dated: December 21, 2022  
Rochester, New York

**WOODS OVIATT GILMAN LLP**

By: /s/ Donald W. O'Brien  
Donald W. O'Brien, Jr., Esq.  
*Attorneys for Defendant*  
 *David Bellavia*  
1900 Bausch & Lomb Place  
Rochester, New York 14604  
585.987.2800  
dobrien@woodsoviatt.com

William F. Savino, Esq.  
*Attorneys for Defendant*  
 *David Bellavia*  
1900 Main Place Tower  
350 Main Street  
Buffalo, New York 14202  
wsavino@woodsoviatt.com

To: Nathan McMurray, Esq.  
Advocates for Justice,  
 Chartered Attorneys  
225 Broadway, Suite 225  
New York, New York 10007  
212.285.1400  
aschwartz@afjlaw.com

{9068104: }                                                                                                                     3