UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DEANNA MARLENE BELLAVIA,
a.k.a. DEANNA KING,

                    Plaintiff,                **DECISION AND ORDER**

v.                                             **Case No. 1:22-cv-842-JLS-JJM**

ORLEANS COUNTY, et al.,

                      Defendants.
_____

        In this action, plaintiff Deanna Bellavia, a/k/a Deanna King, alleges *inter alia* that her now former husband, defendant David Bellavia, violated her civil rights by conspiring with others to arrange for her false arrest and prosecution without probable cause in January 2021. *See* Complaint [1].[1]

        Before the court is that portion of Bellavia's motion [10] seeking to strike certain paragraphs from the Complaint pursuant to Fed. R. Civ. P. ("Rule") 12(f), which allows the court to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter".[2] The motion has been referred to me by District Judge John L. Sinatra, Jr. for initial consideration [12]. Having reviewed the parties' submissions [10, 16, 17], the motion is denied for the following reasons.

---

[1] Bracketed references are to CM/ECF docket entries, and page references are to CM/ECF pagination.

[2] A Rule 12(f) motion is nondispositive. <u>Gierlinger v. Town of Brant</u>, 2015 WL 3441125, *1 (W.D.N.Y. 2015). The remainder of the motion, seeking dismissal of the Complaint pursuant to Rule 12(b)(6), will be argued on January 24, 2023 [15].

**DISCUSSION**

Bellavia argues that "[p]aragraphs 11 through 17 and 19 through 28 of the Plaintiff's Complaint consist of allegations that [he] made numerous disparaging, vitriolic and lewd statements to and about Plaintiff or her children and allegations presenting Plaintiff's critique of the Court's handling of the divorce action between Plaintiff and Mr. Bellavia . . . . [They] have no bearing on the single claim against Mr. Bellavia in the Complaint. Rather, these highly prejudicial allegations appear to have been included to obtain leverage in this action and to compensate for the absence of any factual allegations to support her conspiracy claims". Bellavia's Memorandum of Law [10-1] at 10. King responds that "it is impossible for the court or a potential jury to understand and evaluate this case (including whether [her] arrest was justified) unless the texts, calls, and comments surrounding it - including potentially scandalous but relevant material - are fully [evaluated], openly, and fairly". King's Response [16] at 8.[3]

"Motions to strike are not favored and will be denied unless the allegations have no possible relation to the controversy. If there is any doubt whether the challenged matter may raise an issue of fact or law, the motion to strike should be denied." New York v. Solvent Chemical Co., 218 F. Supp. 2d 319, 330 (W.D.N.Y. 2002). "To prevail on a motion to strike, defendants must show that it is clear that the challenged matter has no bearing on the subject matter of the litigation." Id. Moreover, "courts will usually strike so-called scandalous material only if it is irrelevant and immaterial to the issues in controversy". Bogenschneider v. Kimberly Clark Global Sales, LLC, 2015 WL 796672, *11 (W.D. Wis. 2015); 2 Moore's Federal Practice

---

[3] This document lacks a caption and is single spaced, in violation of Rule 7(a)(2), 10(a), and Loc. R. Civ. P. ("Local Rule")10(a)(2). King's attorney should familiarize himself with the requirements of the Federal and Local Rules.

§12.37 [3] (3d. ed.). Since Bellavia has not persuaded me that the allegations in question - scandalous or not - are completely unrelated to King's conspiracy claims against him in this action, they cannot be stricken on that basis.

Bellavia argues in the alternative that King's "inclusion of the challenged paragraphs . . . also contravenes the Bellavia's Judgment of Divorce and related documents". Bellavia's Memorandum of Law [10-1] at 11. Although the divorce documents state that they shall remain confidential, King publicly cites a pertinent provision: "In his November 3 order, Honorable Charles Zambito demands that neither Ms. King nor Mr. Bellavia, 'demean or disparage the other in the presence of their children, or in any manner by which the parties' children are likely to become aware of same, either directly or indirectly, including by means of electronic platforms and or social media.'" King's Response [16] at 6.[4]

King argues that "absent the direct direction of Mr. Bellavia, it is not reasonable that their minor children are likely to access [her] complaint or other pleadings related to [her] complaint - minors do not regularly use (for example) The Public Access to Court Electronic Records Service". Id. However, she offers no evidence that all of the couple's children are minors. Moreover, in an October 24, 2022 letter to Bellavia, King's attorney predicted that the Complaint's allegations might garner publicity: "I understand from my client that you are about to begin a book tour. I am sensitive to the vagaries of the press, and the advantage of commencing the tour without distractions from your story". [17-1] at 4. His prediction came to pass, for on November 22, 2022, King's hometown newspaper, The Batavian (www.thebatavian.com), stated that King's lawsuit "accuses Bellavia of being aggressive and

---

[4]   King refers to a November 3, 2021 order, which is not included in the record. However, the Judgment of Divorce [10-4] contains an identical provision.

abusive. It specifies several abusive comments allegedly made by Bellavia to King and their three children. It also claims that Bellavia frequently threatened King with violence".[5]

Whether either party has violated the non-disparagement provisions of the divorce documents is a question for another day. Moreover, to the extent that any such claim is based on the provisions of the matrimonial orders or judgment, the parties "must seek enforcement of the state court order in the state court . . . . [I]t is not the function of this Court to enforce state court orders". Coleman v. Ducate, 2013 WL 12205506, *4 (D. Conn. 2013).

King also "seek[s] the right to amend [her] complaint to include the additional materials in this response". King's Response [16] at 2. However, she has not formally sought this relief by Notice of Motion, as required by Local Rule 7(a)(1), nor has she attached "an unsigned copy of the proposed amended pleading", as required by Local Rule 15(a). Therefore, her request will not be considered at this time. "Where a request . . . is imbedded within an opposition memorandum, the issue has not been raised properly." Rosenberg v. Gould, 554 F.3d 962, 967 (11th Cir. 2009).

Finally, Bellavia argues that "[w]ith her latest submission, [King] uses the vehicle of a legal memorandum to offer unsworn testimony and make public a new set of disparaging statements. Her memorandum is improper and should be stricken in its entirety and then retained only under seal".  Bellavia's Reply Memorandum of Law [17] at 4. However, "Rule 12(f) motions only may be directed towards pleadings as defined by Rule 7(a); thus motions, affidavits, briefs, and other documents outside of the pleadings are not subject to Rule 12(f)". 5C Wright & Miller, Federal Practice and Procedure (Civil), §1380 (3d ed.). Bellavia's informal

---

[5] "[I]t is proper to take judicial notice of the *fact* that press coverage . . . contain[s] certain information, without regard to the truth of [its] contents." Staehr v. Hartford Financial Services Group, Inc., 547 F.3d 406, 425 (2d Cir. 2008) (emphasis in original).

-5-

request for sealing will be addressed if and when he formally moves for that relief pursuant to Local Rules 5.3 and 7.

## CONCLUSION

For these reasons, Bellavia's motion to strike [10] is denied.

Dated:  January 13, 2023

/s/Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge
