UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DEANNA MARLENE BELLAVIA aka
DEANNA KING,

                      Plaintiff,

   vs.                                              **Case No.: 22-CV-842**

ORLEANS COUNTY, ORLEANS COUNTY SHERIFF'S
DEPARTMENT, ORLEANS COUNTY DISTRICT
ATTORNEY, COREY BLACK, DEPUTY JOHN DOE,
and DAVID BELLAVIA,

                      Defendant.

## REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT DAVID BELLAVIA'S MOTION TO DISMISS

Dated: January 20, 2023

WOODS OVIATT GILMAN LLP
Donald W. O'Brien, Jr., Esq.
*Attorneys for Defendant*
  *David Bellavia*
1900 Bausch and Lomb Place
Rochester, New York 14604
585.987.2800
dobrien@woodsoviatt.com

William F. Savino, Esq.
*Attorneys for Defendant*
  *David Bellavia*
1900 Main Place Tower
350 Main Street
Buffalo, New York 14202
716.248.3200
wsavino@woodsoviatt.com

{9097084: }

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT .............................................................................................. 1

ARGUMENT ............................................................................................................................ 1

    POINT I    THE PLAINTIFF'S PURPORTED MEMORANDUM OF LAW RELIES ON UNSWORN STATEMENTS AND MATTERS OUTSIDE THE PLEADINGS TO REMEDY THE DEFECTS IN THE COMPLAINT ................................. 1

    POINT II.    THE PLAINTIFF HAS FAILED TO SHOW HOW THE COMPLAINT MEETS THE APPLICABLE PLEADING STANDARD ............................................................................. 3

    POINT III.    MR. BELLAVIA'S MOTIVES ARE IRRELEVANT ...................................... 4

    POINT IV.    EVEN IF THE INFORMATION MR. BELLAVIA PROVIDED TO LAW ENFORCEMENT TURNED OUT TO BE FALSE, THAT DOES NOT TRANSFORM HIM INTO A STATE ACTOR FOR PURPOSES OF SECTION 1983 LIABILITY ......................................... 5

CONCLUSION ......................................................................................................................... 7

## TABLE OF AUTHORITIES

**Cases:**

Page(s)

*Betts v. Shearman,*
    2013 U.S. Dist. LEXIS 11139 (S.D.N.Y., January 24, 2013) ............................................6

*Beyah v. Coughlin,*
    789 F. 2d 986 (2d Cir. 1986)..............................................................................................2

*Carter v. Fresenius Kabi USA, LLC,*
    2022 U.S. Dist. LEXIS 6435 (W.D.N.Y., January 12, 2022)..............................................2

*doPapworth v. Steel Hector & Davis,*
    2007 U.S. Dist. LEXIS 72864 (N.D.N.Y., September 30, 2007) .......................................2

*Giannullo v. City of New York*,
    322 F. 3d 296 (2d Cir. 2009)..............................................................................................2

*Harris v. Wells Fargo Clearing Servs., LLC*,
    2019 U.S. Dist. LEXIS 92434 (S.D.N.Y. June 3, 2019).....................................................2

*Harrison v. New York,*
    95 F. Supp. 3d 293 (E.D.N.Y. 2015) ..............................................................................4, 6

*Knowyourmeme.com Network v. Nizi*,
    2021 U.S. Dist. LEXIS 163283 (S.D.N.Y. August 30, 2021) ............................................2

*Kramer v. Time Warner, Inc.,*
    937 F. 2d 767 (2d Cir. 1991)..............................................................................................2

*Kulhawik v. Holder,*
    571 F. 3d 296 (2d Cir. 2009)..............................................................................................2

*McKeefry v. Town of Bedford,*
    2019 U.S. Dist. LEXIS 207874 (S.D.N.Y., December 2, 2019) ........................................6

*Powell v. City of Jamestown,*
    2022 U.S. Dist. LEXIS 99749 (W.D.N.Y., June 3, 2022)..................................................4

*Shapiro v. City of Glen Cove*,
    2005 U.S. Dist. LEXIS 43276 (E.D.N.Y., May 5, 2005) ...................................................5

*Sherman v. City of New York,*
    2019 U.S. Dist. LEXIS 803010 (E.D.N.Y., May 16, 2019) ...............................................6

*Spillman v. Murphy,*
    2015 U.S. Dist. LEXIS 154105 (W.D.N.Y. November 12, 2015) .....................................2

*White v. City of New York,*
    2019 U.S. Dist. LEXIS 54121 (S.D.N.Y., March 29, 2019) ..............................................6

*Young v. Suffolk County,*
    922 F. Supp. 2d 368 (E.D.N.Y. 2013) ...............................................................................5

**Other Authorities:**

42 U.S.C. § 1983 .................................................................................................................4, 5, 6, 7

42 U.S.C. § 1985 ..............................................................................................................................4

Fed. R. Civ. P. 12(b)(6) ...................................................................................................................2

## PRELIMINARY STATEMENT

This Reply Memorandum of Law is submitted in response to the memorandum of law of the Plaintiff, Deanna Marlene Bell aka Deanna King ("Plaintiff") filed in opposition to the motion of Defendant, David Bellavia ("Mr. Bellavia") to dismiss the Plaintiff's Complaint and in further support of that motion.

Rather than address the legal arguments made in Mr. Bellavia's initial motion, Plaintiff has engaged in an even deeper dive into the parties' tumultuous marriage, without any regard to its relevance or the propriety of such an excursion. As with her prior submission in opposition to Mr. Bellavia's motion to strike, Plaintiff uses the vehicle of a legal memorandum to offer unsworn testimony and bring in matters outside the pleading. In short, the Plaintiff's opposing memorandum of law fails to address the substantive arguments made by Mr. Bellavia and, because the filed complaint fails to state a claim against him, the motion to dismiss should be granted.

## ARGUMENT

### POINT I

### THE PLAINTIFF'S PURPORTED MEMORANDUM OF LAW RELIES ON UNSWORN STATEMENTS AND MATTERS OUTSIDE THE PLEADINGS TO REMEDY THE DEFECTS IN THE COMPLAINT

Of the sixteen pages which comprise the Plaintiff's opposing memorandum, only two pages contain any real legal argument. The majority of the memorandum is used to either reiterate the allegations of the complaint or make additional allegations against Mr. Bellavia which were not included in the complaint. Ignoring the rules, Plaintiff's counsel attempts to cure the deficiencies in the complaint by adding new allegations based upon the *attorney's* recitation of alleged facts, a recitation which is entirely unsworn.

"A memorandum of law…is not evidence at all." *Harris v. Wells Fargo Clearing Servs., LLC*, 2019 U.S. Dist. LEXIS 92434 at * 3 (S.D.N.Y. June 3, 2019), *quoting, Giannullo v. City of New York*, 322 F. 3d 296, 298 (2d Cir. 2009). "It is well settled that an attorney's unsworn statements in a brief are not evidence," *Knowyourmeme.com Network v. Nizi*, 2021 U.S. Dist. LEXIS 163283 at * 21 (S.D.N.Y. August 30, 2021), *quoting, Kulhawik v. Holder,* 571 F. 3d 296, 298 (2d Cir. 2009). Here, Plaintiff's counsel, Mr. Schwartz, does "not suggest that he had personal knowledge of any of the facts he asserted." *Spillman v. Murphy,* 2015 U.S. Dist. LEXIS 154105 (W.D.N.Y. November 12, 2015); *quoting, Beyah v. Coughlin,* 789 F. 2d 986, 989 (2d Cir. 1986). Indeed, Plaintiff's current counsel were not Plaintiff's counsel of record during the divorce proceeding or when Plaintiff was arrested on the charge that is at issue in this action so his statements in that regard are clearly hearsay.[1]

Even if those matters were not unsworn hearsay, they should not be considered because they also represent matters outside the pleadings. "It is well settled that the Court may not look to evidence outside the pleadings in deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim" *Carter v. Fresenius Kabi USA, LLC,* 2022 U.S. Dist. LEXIS 6435 at *16 (W.D.N.Y., January 12, 2022); *see also, Kramer v. Time Warner, Inc.,* 937 F. 2d 767, (2d Cir. 1991) ["[i]n considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a district court must limit itself to the facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference"]; *doPapworth v. Steel Hector & Davis,* 2007 U.S. Dist. LEXIS 72864 at ** 17-18 (N.D.N.Y., September 30, 2007).

---

[1] To the extent Plaintiff's counsel references events occurring after the filing of the complaint, those events, even if within their personal knowledge, cannot be relevant to an incident which occurred nearly two years ago and are, necessarily, outside the pleadings.

Attached hereto as **Exhibit "1"** is a copy of Plaintiff's memorandum of law. We have highlighted in yellow, the material which we contend is "outside the pleadings" and, as such, should not be considered on this motion. The Plaintiff's memorandum contains counsel's narrative without any apparent regard for whether that narrative is actually found in the complaint.

Since a major portion of Plaintiff's memorandum submitted in opposition to Mr. Bellavia's motion to dismiss consists of unsworn statements, rather than actual legal argument, it should be rejected and Mr. Bellavia's motion granted. At a minimum, the material outside of the pleadings, including the unsworn hearsay, should be disregarded.

## POINT II

### THE PLAINTIFF HAS FAILED TO SHOW HOW THE COMPLAINT MEETS THE APPLICABLE PLEADING STANDARD

The Plaintiff's memorandum fails to demonstrate how her threadbare complaint satisfies the requisite pleading standard. In Mr. Bellavia's initial memorandum of law (Point 2), we set forth the reasons why the handful of allegations which actually attempt to address his alleged liability do not demonstrate culpability.

For example, paragraphs 29 and 47 do little more than note Mr. Bellavia's friendship with Defendant Corey Black. Assuming that is true, it does not demonstrate anything sinister or tend to establish a conspiracy to violate the Plaintiff's constitutional rights (Docket No. 10-1, pp. 3-4). Paragraph 45 alleges that Mr. Bellavia provided information to law enforcement which is also not surprising since he was the complainant (Docket No. 10-1, pp. 4). Paragraph 55 indicates that Mr. Bellavia was in contact with law enforcement concerning the matters he had brought to their attention which, again, is routine contact to be expected in such matters (Docket No. 10-1, pp. 3-4). The remaining two paragraphs which purport to address Mr. Bellavia's participation in the alleged conspiracy are paragraphs 53 and 74, both of which are conclusory allegations which "will not

suffice to state a conspiracy claim under either 42 U.S.C. § 1983 or § 1985," *Powell v. City of Jamestown,* 2022 U.S. Dist. LEXIS 99749 at *52 (W.D.N.Y., June 3, 2022).

The Courts have understandably subjected complaints like the one in this case to scrutiny:

> The need to guard against the use of conclusory allegations of conspiracy in the context of Section 1983 lawsuits against private actors is particularly compelling. If plaintiff could overcome a motion to dismiss simply by alleging in a conclusory fashion a "conspiracy" between private actors and state actors, these private actors would be subjected to the substantial cost and disruption incurred by litigants in the discovery phase of these lawsuits without any indication whatsoever that the plaintiff has a "plausible" conspiracy claim. As the Second Circuit has emphasized, these conspiracy claims are 'so easily made and can precipitate such protracted proceedings with such disruption of governmental functions that detailed fact pleading is required to withstand a motion to dismiss.

*Harrison v. New York,* 95 F. Supp. 3d 293, 323-24 (E.D.N.Y. 2015) (citations omitted). In *Harrison,* the Plaintiff sued state actors and private parties under 42 U.S.C. § 1983 for violations of his Fourth, Fifth, Sixth and Fourteenth Amendment rights based on his arrest and prosecution for possession of a forged instrument, in this case, counterfeit currency. The private parties were the corporate owners of a Marshall's department store and two of its employees. Following the employees' identification of the Plaintiff as the person who passed the currency, and his subsequent arrest and prosecution, Plaintiff experienced difficulties retaining counsel but the charges were ultimately dismissed. Like the Plaintiff in this case, the Plaintiff in *Harrison* alleged that the private parties acted in concert with law enforcement to violate his constitutional rights.

## POINT III

## MR. BELLAVIA'S MOTIVES ARE IRRELEVANT

In Plaintiff's memorandum in opposition to Mr. Bellavia's motion to strike (Docket No. 16, p. 1), her counsel argued that the challenged paragraphs and "similar comments" were relevant

because they showed "a motive and escalating plan…to intimidate, silence and discredit Ms. King." The Plaintiff's memorandum of law in opposition to the motion to dismiss repeats this claim (Docket No. 19, p. 16).

However, Mr. Bellavia's motives are irrelevant with respect to whether he conspired with the Municipal Defendants to violate Plaintiff's constitutional rights so as to impose liability under Section 1983. This very issue was addressed by the Court in *Harrison,* the Magistrate Judge dismissed the claims against the Marshall's defendants: In reaching this determination, the Judge noted that: "…a private party's motivation is irrelevant to the determination whether that private party acted under color of state law" *see also, Shapiro v. City of Glen Cove,* 2005 U.S. Dist. LEXIS 43276 at *7 (E.D.N.Y., May 5, 2005) ["[i]n any event, whatever motivation [a private party] may have had in calling in the complaint and alerting the media is irrelevant to whether she was a state actor"]; *Young v. Suffolk County,* 922 F. Supp. 2d 368, 386 (E.D.N.Y. 2013). Thus, Plaintiff's inclusion of otherwise extraneous allegations in order to portray Mr. Bellavia's "motives" is fruitless as his motives do not implicate his liability under Section 1983.

## POINT IV

### EVEN IF THE INFORMATION MR. BELLAVIA PROVIDED TO LAW ENFORCEMENT TURNED OUT TO BE FALSE, THAT DOES NOT TRANSFORM HIM INTO A STATE ACTOR FOR PURPOSES OF SECTION 1983 LIABILITY

In her opposing memorandum, Plaintiff repeatedly asserts that the information which Mr. Bellavia provided to law enforcement was false or did not support a charge of harassment (e.g., p. 8 ["non-existent evidence of harassment"], p. 9 ["unsubstantiated evidence of harassment"], p. 10 ["[n]either of these communications do not in any way create a factual predicate for a harassment charge"], p. 13 ["bogus charges"] and ["evidence of an arrest (even on such thin grounds)"]. Plaintiff is apparently arguing that these characterizations buttress her claims

in the complaint and lend support to her conspiracy claim. However, Mr. Bellavia has not answered the complaint (and, hopefully will not be required to do so) so he has not had an opportunity to challenge the allegations of the complaint head on. But even if the information he furnished to law enforcement turned out to be insufficient to support a harassment charge, was mistaken or even false, that would not lend support to Plaintiff's claim against Mr. Bellavia.

Even if information provided to law enforcement by a private party turns out to be false, that does not make the person a state actor so as to supply a predicate for Section 1983 liability. *See, McKeefry v. Town of Bedford,* 2019 U.S. Dist. LEXIS 207874 at 20 (S.D.N.Y., December 2, 2019) (citation omitted) ["providing information to law enforcement does not make one a state actor even if the information is false"]; *Sherman v. City of New York,* 2019 U.S. Dist. LEXIS 803010 at *23 (E.D.N.Y., May 16, 2019) ["the fact that a private citizen has supplied false information to the police does not transform that person into a state actor"]; *White v. City of New York,* 2019 U.S. Dist. LEXIS 54121 at ** 13-14 (S.D.N.Y., March 29, 2019) ["Esposito's summoning of the police and provision of information – even if such information is allegedly false – does not render it a willful participant in joint activity with the police"]; *Harrison v. New York, supra* at *322-23; *Betts v. Shearman,* 2013 U.S. Dist. LEXIS 11139 at * 43 (S.D.N.Y., January 24, 2013), *affirmed,* 751 F. 3d 78 (2d Cir. 2014).To the extent that Plaintiff contends that her adjournment of contemplation plea and subsequent dismissal of the underlying charge means that the information supplied by Mr. Bellavia was false and that such a disposition make the existence of a conspiracy more likely, that contention is inconsistent with the applicable law.

## CONCLUSION

For the reasons set forth above and in the initial motion papers, Mr. Bellavia respectfully requests that the Court grant his motion to dismiss. The Plaintiff's opposing papers do not change the fact that her complaint is insufficient as a matter of law because it fails to state a claim for conspiracy under 42 U.S.C. § 1983.

Dated: January 20, 2023  
Rochester, New York

**WOODS OVIATT GILMAN LLP**

By: /s/ Donald W. O'Brien  
Donald W. O'Brien, Jr., Esq.  
*Attorneys for Defendant*  
 *David Bellavia*  
1900 Bausch and Lomb Place  
Rochester, New York 14604  
585.987.2800  
dobrien@woodsoviatt.com

William F. Savino, Esq.  
*Attorneys for Defendant*  
 *David Bellavia*  
1900 Main Place Tower  
350 Main Street  
Buffalo, New York 14202  
716.248.3200  
wsavino@woodsoviatt.com

To: Nathan McMurray, Esq.  
Arthur Z. Schwartz, Esq.  
Advocates for Justice,  
 Chartered Attorneys  
225 Broadway, Suite 225  
New York, New York 10007  
212.285.1400  
aschwartz@afjlaw.com