UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
DEANNA MARLENE BELLAVIA a/k/a
DEANNA KING,                                                                          Civil Action No. 22-842

**Plaintiff,**

v.

**ORLEANS COUNTY, ORLEANS COUNTY
SHERIFF'S DEPARTMENT, ORLEANS
COUNTY DISTRICT ATTORNEY, COREY
BLACK, DEPUTY JOHN DOE, and DAVID
BELLAVIA,**

**Defendants.**
-------------------------------------------------------------X

## INTRODUCTION

In the original complaint dated October 21, 2022, Plaintiff stated various causes of action related to Defendant Investigator Corey Black and Defendant Bellavia's conspiracy to arrest Plaintiff King and to silence, intimidate, and defame her in violation of her Constitutional rights. In particular, as previously explained in court filings, the complaint (among other comments) states facts showing:

- And existing relationship between Defendant Investigator Corey Black and Defendant Bellavia;

- Defendant Investigator Corey Black was not working as a police officer, but as an investigator at the DA's office; and

- Plaintiff King was not the aggressor (she was in fact tormented and ceaselessly harassed and antagonized by Defendant Bellavia), and Plaintiff King did nothing to reasonably warrant arrest, even if it was warranted by an out of county member of a District Attorneys high crimes unit.

Our Memorandum of Law in Opposition to the Motion to Dismiss, however, provided additional information, going into greater detail than that set forth in the original complaint. Counsel for Defendant Bellavia argued that the Memo of Law should be ignored because it went beyond the bounds of the Complaint. Rather than risk dismissal, or to have request leave to amend post dismissal (even though we believe that the complaint, as pled is sufficient), Plaintiff now moves to amend the original complaint to include the additional layers of information that were developed in preparation for the Memorandum of Law in Opposition.. We ask for the court to grant this request, given the lenient standards for amendment and this early stage of the proceedings, and the lack of prejudice to the Defendant Bellavia.

## **LEGAL STANDARD FOR AMENDMENT**

Federal Rule of Civil Procedure 15 is addressed to motions to amend the pleadings. A motion to amend "shall be freely granted when justice so requires." Fed. R. Civ. P. 15(a). Such a motion should be denied "only for reasons such as undue delay, bad faith, futility of the amendment or prejudice to the other party." *Kim v. Kimm,* 884 F.3d 98, 105 (2d Cir. 2018) (citation omitted). "A proposed amendment to a pleading would be futile if it could not withstand a motion to dismiss pursuant to Rule 12(b)(6)." *Martin v. Dickson,* 100 Fed.Appx. 14, 16, 2004 WL 1205185 at *2 (2d Cir. Jun. 2, 2004); *Dapson v. City of Rochester,* 2019 WL 591692, at *7 (W.D.N.Y. Feb. 12, 2019) Further, the Second Circuit has noted, "[m]ere delay ...

absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993) (quoting *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981) ).

## ARGUMENT

This case is barely two months from commencement. The amendment now is designed to set out in greater detail the relationship between Defendants Bellavia and Black. To the extent that the additional details are needed to take the Complaint into the realm of plausible, it is wholly appropriate. No prejudice is caused to any defendant.

## CONCLUSION

**This Court should allow the filing of the First Amended Complaint.**

Dated: Buffalo, New York
January 23, 2023

> ADVOCATES FOR JUSTICE,
> CHARTERED ATTORNEYS
> Attorneys for Plaintiff
>
> By: /s/ *Nathan D. McMurray*
> Nathan D. McMurray
> Arthur Z. Schwartz
> 225 Broadway, Suite 1902
> New York, New York 10007
> (212) 285-1400
> nmcmurray@advocatesny.com