UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DEANNA MARLENE BELLAVIA,
a.k.a. DEANNA KING,

                   Plaintiff,         **REPORT, RECOMMENDATION AND ORDER**

v.

                                        **Case No. 1:22-cv-842-JLS-JJM**

ORLEANS COUNTY, *et al.*,

                   Defendants.
_____

        In this action, plaintiff Deanna Bellavia, a/k/a Deanna King, alleges *inter alia* that her ex husband, defendant David Bellavia, violated her civil rights by conspiring with others to arrange for her false arrest and prosecution without probable cause in January 2021. *See* Complaint [1].[1] Before the court are that portion of Bellavia's motion pursuant to Fed. R. Civ. P. ("Rule") 12(b)(6) seeking to dismiss the Complaint for failure to state a claim [10],[2] and King's motion for leave to amend her Complaint pursuant to Rule 15(a) [26].

        The motions have been referred to me by District Judge John L. Sinatra, Jr. for initial consideration [12]. Having reviewed the parties' submissions [10, 16, 17, 19, 22, 26, 27] and heard oral argument on January 24, 2023, for the following reasons I recommend that Bellavia's motion be granted and that King's motion be denied, and I further order that the remaining defendants' deadline for responding to the Complaint be stayed pending further order of the court.

_____

[1]     Bracketed references are to CM/ECF docket entries, and page references are to CM/ECF pagination.

[2]     I have already addressed the remainder of the motion, which sought to strike certain allegations of the Complaint pursuant to Rule 12(f). *See* January 13, 2023 Decision and Order [18].

## DISCUSSION

A.  **Bellavia's Motion to Dismiss**

King alleges that Bellavia conspired with codefendants Corey Black and John Doe "to violate [her] constitutional rights . . . by the overt act of knowingly causing her to be arrested and prosecuted without probable cause". Complaint [1], ¶74; proposed Amended Complaint [26-2], ¶98. In moving to dismiss, Bellavia argues that King "has failed to detail the factual basis necessary to enable the defendants to prepare their defense." Bellavia's Memorandum of Law [10-1] at 9.

A civil "conspiracy involves an agreement to participate in a wrongful activity." Kaplan v. Lebanese Canadian Bank, SAL, 999 F.3d 842, 856 (2d Cir. 2021). Therefore, in order to prevail, King must properly allege that the activity which was the object of the conspiracy was wrongful. Here, the alleged wrongful activity was King's false arrest and malicious prosecution, and "[t]he absence of probable cause is a necessary element of both false arrest and malicious prosecution." Kent v. Thomas, 464 F. App'x 23, 25 (2d Cir. 2012).

"[B]ecause probable cause is offense-specific", Huaman on behalf of J.M. v. Tinsley, 2017 WL 4365155, *9 (D. Conn. 2017), the "probable cause determination depends on the elements of the applicable criminal statute". United States v. Bullock, 632 F.3d 1004, 1022 (7th Cir. 2011); Gonzalez v. City of Schenectady, 728 F.3d 149, 155 (2d Cir. 2013) ("[t]o ascertain the existence of probable cause, we look at the facts . . . in light of the specific elements of each crime").

However, neither the Complaint nor the proposed Amended Complaint lays out the elements of the criminal charge for which King was allegedly falsely arrested and/or maliciously prosecuted. The Complaint refers to her "arrest for harassment" ([1], ¶31), but the

N.Y. Penal Law defines four types of harassment (§§240.25, 240.26, 240.30, 240.31), each of which has different elements. The proposed Amended Complaint mentions "harassment in the second degree" ([26-2], ¶¶59, 60), but elsewhere alludes to "a misdemeanor harassment claim". Id., ¶¶73, 77. Not only does that pleading fail to discuss the elements of harassment in the second degree,[3] but "[h]arassment in the second degree is a violation", not a misdemeanor. See N.Y. Penal Law §§10.00(3), 10.00(4), 240.26.

"To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege enough facts to state a claim for relief that is plausible on its face . . . and provide more than a formulaic recitation of the elements of a cause of action or naked assertions devoid of further factual enhancement." Shara v. Maine-Endwell Central School District, 46 F.4th 77, 82 (2d Cir. 2022). Although King repeatedly alleges that she was arrested and prosecuted without probable cause, she does so only in conclusory fashion. See Complaint [1] ¶¶29, 49, 51, 52, 74; proposed Amended Complaint [26-2], ¶¶65, 67, 68, 98. Her "failure to plead facts - rather than conclusory allegations - sufficient to establish a lack of probable cause dooms her . . . claim." Facci-Brahler v. Montgomery County, 2020 WL 360873, *7 (N.D.N.Y. 2020). See also Bright-Asante v. Wagner, 2017 WL 6948359, *8 (S.D.N.Y. 2017) (plaintiff's "failure to plead facts - rather than conclusory allegations - sufficient to establish a lack of probable cause dooms his . . . claim . . . . That the charges were ultimately dismissed is [not] relevant to probable cause"); Ashby v. Murphy, 2023 WL 112439, *1, n. 3 (W.D.N.Y. 2023) (plaintiff "has not offered any

---

[3] "A person is guilty of harassment in the second degree when, with intent to harass, annoy or alarm another person: 1. He or she strikes, shoves, kicks or otherwise subjects such other person to physical contact, or attempts or threatens to do the same; or 2. He or she follows a person in or about a public place or places; or 3. He or she engages in a course of conduct or repeatedly commits acts which alarm or seriously annoy such other person and which serve no legitimate purpose." N.Y. Penal Law §240.26.

nonconclusory allegations suggesting that the charge was commenced (or continued) in the absence of probable cause").

At oral argument yesterday, King's attorney attempted to justify his failure to identify the factual and legal elements of the specific criminal charge against King because the criminal complaint was sealed, and he had not yet seen it. How, then, could he allege in good faith that probable cause was lacking? By signing the Complaint and proposed Amended Complaint, he certified that "to the best of [his] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances", the claims were "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law", and that "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery". Rule 11(b)(2)(3).[4]

**B.   King's Motion to Amend**

King's failure to allege the absence of probable cause in non-conclusory fashion is fatal not only to her Complaint, but also to her proposed Amended Complaint. Therefore, her motion to amend should be denied. *See* King's Memorandum of Law [26-3] at 2 (recognizing that such a motion may be denied "for reasons such as undue delay, bad faith, futility of the amendment or prejudice to the other party . . . . A proposed amendment to a pleading would be futile if it could not withstand a motion to dismiss pursuant to Rule 12(b)(6)").

---

[4]   The phrase "specifically so identified" refers to allegations "upon information and belief". 2 Moore's Federal Practice, §8.04[4] (Matthew Bender 3d ed. 2022). However, none of the material allegations of either pleading are made "upon information and belief".

### C. Stay of Proceedings as to the Codefendants

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Louis Vuitton Malletier S.A. v. LY USA, Inc., 676 F.3d 83, 96 (2d Cir. 2012). "Indeed, the Court may, in the interests of justice, stay proceedings *sua sponte*." City of New York v. Gutlove & Shirvint, Inc., 2008 WL 4862697, *1 (E.D.N.Y. 2008). Therefore, the codefendants' deadline for responding to the Complaint is stayed pending a determination as to which (if any) pleading will be operative in this case.

### CONCLUSION

For these reasons, I recommend that Bellavia's motion to dismiss King's Complaint [10] be granted, and that King's motion to amend [26] be denied. Whether further amendment should be allowed is a question for another day. Unless otherwise ordered by District Judge Sinatra, any objections to this Report, Recommendation and Order must be filed with the clerk of this court by February 8, 2023. Any requests for extension of this deadline must be made to Judge Sinatra. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider de novo arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the

proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge".  Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated:  January 25, 2023

/s/Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge
