**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------- **X**

**DEANNA MARLENE BELLAVIA aka**
**DEANNA KING,**

                            **Plaintiff,**                       Case No.: 22-CV-842

                vs.

**ORLEANS COUNTY, ORLEANS COUNTY**
**SHERIFF'S DEPARTMENT, ORLEANS COUNTY**
**DISTRICT ATTORNEY, COREY BLACK, DEPUTY**
**JOHN DOE, and DAVID BELLAVIA,**

                           **Defendants.**

-------------------------------------------------------------------- **X**

## OBJECTION TO RECOMMENDED ORDER

Dated: February 8, 2023

ADVOCATES FOR JUSTICE,
CHARTERED ATTORNEYS
*Attorneys for Plaintiff*
Nathan McMurray Esq.
225 Broadway, Suite 1902
New York, New York, 10007
716.517.5506
nmcmurray@advocatesny.com

## PRELIMINARY STATEMENT

**WE OBJECT TO THE COURT'S RECOMMENDATION TO DISMISS KING'S COMPLAINT BECAUSE KING'S COMPLAINT MORE THAN ADEQUATELY STATES FACTS THAT ARE LEGALLY SUFFICIENT TO WITHSTAND A MOTION TO DISMISS AND BECAUSE LEAVE SHOULD HAVE BEEN FREELY GRANTED TO AMEND TO ADDRESS ITS DEFICIENCIES**

King's complaint adequately stated facts showing false arrest—where the arresting officer did not have probable cause to arrest Plaintiff for Harassment in the Second Degree—and conspiracy between the Defendants to deprive King of her constitutional rights.

The Magistrate bases his recommendation on an assertion that Plaintiff did not sufficiently allege a lack of probable cause. As we discuss below, the description of the arrest, and the utter lack of probable cause where pled sufficiently to survive a Motion to Dismiss. Plaintiff relied on the arrest documents provided to Ms. King at her bail hearing which described the facts allegedly underlying the Harassment in the Second Degree charge. Given the liber standards of FRCP 12(b)(6) the complaint stated facts that if taken as true could under no circumstances reasonably justify King's arrest.

Specifically, we cited the vague and intimidating comments made by Defendant Black—who is a friend of Defendant Bellavia, does not live near King, is not a police officer, and has not been a police officer since 2014—who arrested King. Defendant Black referred to nothing more than King's innocuous request to Defendant Bellavia for an insurance card and a COVID-19 test. Under no reasonable reading of any possibly relevant statue or penal code—including Harassment in the Second Degree—could these requests constitute a crime for which Black (even if he had the authority to arrest her) could, without further investigation, have had probable cause to arrest King and deprive her of her freedom. Further, King's complaint and subsequent pleadings sufficiently plead Defendant Bellavia's intent and stratagem, i.e., how Bellavia tried various ways to silence and discredit King, including demanding that their divorce judge force her to sign a comprehensive

and overreaching non-disclosure agreement. King's complaint also shows how Defendant Bellavia began to threaten King with obscenity, vulgarity, arrest, and public humiliation until he finally had his friend (Defendant Black) arrest her.

## ARGUMENT

### POINT I

### THE SUMMONS GIVEN TO PLAINTIFF ALLEGED HARASSMENT IN THE SECOND DEGREE. ASKING FOR AN INSURANCE CARD AND A COVID-19 TEST DO NOT CONSTITUTE HARASSMENT IN THE SECOND DEGREE OR ANY OTHER FORM OF CRIMINAL HARASSMENT.

Here are the key allegations addressed to the lack of probable cause stated in the proposed First Amended Complaint:

47. On January 26, 2021, Defendant Investigator Black called Plaintiff, falsely stated he was from Orleans County Sheriff's Department, and informed Plaintiff there was a warrant out for her arrest for harassment in Orleans County.

59. Plaintiff asked why she was being arrested, and Defendant Investigator Black showed her a screen shot of Defendant Bellavia's phone log documenting a call from the couple's minor son regarding an issue with health insurance coverage. A screen shot of phone calls from Defendant Bellavia's son is not sufficient evidence to arrest Ms. King for harassment in the second degree.

60. Furthermore, a mother needing the updated insurance information for a doctor's appointment, Defendant Bellavia was made aware of in advance, is a legitimate reason for contact. It does not meet any requirements under the law to be considered harassment in the second degree.

61. Defendant Investigator Black also showed Ms. King a message dated January 7, 2021, on AppClose from the Plaintiff requesting that Defendant Bellavia get a COVID test before the next visit with their children. The children were not yet vaccinated. Again, this communication was for a legitimate purpose. Ms. King, like most parents, was trying to protect her children during a deadly pandemic. It was not harassment, but rather Investigator Corey Black conspiring with Defendant Bellavia to invent evidence for an arrest.

These allegations were enough to support on a Motion to Dismiss, a lack of probable cause. The lack was also supported by the charging documents that Ms. King was given. **See Exhibit A)**, by Defendant Orleans County, and that we relied upon as the foundation of our complaint. Those documents cite the crime of Harassment in the Second Degree. Nothing Ms. King did (or has been alleged to do have done in the charging documents provided to her or explained to her upon her arrest by Defendant Black) establishes the elements of the crime of Harassment in the Second Degree, or any other crime which could be considered harassment under New York State Law.

Harassment in the Second Degree consists of the following elements according to New York State Penal Law:

> *"240.26 Harassment in the second degree.*
>
> *A person is guilty of harassment in the second degree when, with intent to harass, annoy or alarm another person:*
>
> *1. He or she strikes, shoves, kicks, or otherwise subjects such other person to physical contact, or attempts or threatens to do the same; or*
>
> *2. He or she follows a person in or about a public place or places; or*
>
> *3. He or she engages in a course of conduct or repeatedly commits acts which alarm or seriously annoy such other person and which serve no legitimate purpose."*

As cited below, the charging documents in King's possession state facts that relate only to King's call to Defendant Bellavia about an an insurance card. The charging documents falsely identity King's location, however, and other matters related to King's alleged actions. Specifically, the charging documents only state these facts:

> "THE SAID DEFENDANT(S) AT THE ABOVE SAID DATE AND TIME WHILE LOCATED AT 2289 OAK ORCHARD RD IN THE TOWN OF RIDGEWAY, COUNTY OF ORLEANS, STATE OF NEW YORK, DID: COMMIT THE OFFENSE OF AGGRAVATED HARASSMENT AFTER HAVING BEEN PREVIOUSLY DIRECTED MULTIPLE TIMES NOT TO CONTACT ONE DAVID BELLAVIA BY TELEPHONE. THE SAID DEFENDANT DID FROM HER SON AIDEN BELLAVIA'S TELEPHONE CONTACT DAVID BELLAVIA FOR THE SOLE PURPOSE OF HARASSING AND ANNOYING HIM. THE SAID DEFENDANT STATING HER DISPLEASURE FOR AN INSURANCE CARD ISSUE AND STATING " I DON'T CARE WHERE YOU ARE OR IF YOU ARE WITH YOUR GIRLFRIEND' ALL CONTRARY TO THE PROVISIONS OF THE STATUTE IN SUCH CASE MADE AND PROVIDED"

This does make out harassment in the Second Degree. It includes some vaguely worded statement about having been previously directed multiple times not to contact David Bellavia , " without any reference to who gave the previous direction )was there an Order of Protection? Was there something in the King-Bellavia divorce agreement?), and then goes on to state that the call involved "displeasure for an insurance card issue," a subject, given that the parties have a child together is hardly a "*a course of conduct or repeatedly [commission of] acts which alarm or seriously annoy such other person and which serve no legitimate purpose.*"

**POINT II**

**EVEN IF THE ELEMENTS OF HARASSMENT IN THE SECOND DEGREE WERE NOT SPECIFICALLY IDENTIFIED AND LISTED OUT IN KING'S COMPLAINT (AS THEY ARE IN THIS OBJECTION ABOVE), ASKING FOR AN INSURANCE CARD AND A COVID-19 TEST DO NOT REASONABLY CONSTITUTE ANY FORM OF HARASSMENT.**

The Magistrate recommends dismissal because King's complaint failed to state the elements of the alleged crime for which King was falsely arrested. Indeed, as cited in your objection, "[t]he absence of probable cause is a necessary element of both false arrest and malicious prosecution." *Kent v. Thomas*, 464 F.Appx. 23 (2d Cir. 2012). To ascertain the existence of probable cause, we must look at the facts as they apply to the specific elements of each crime."

But the facts, as alleged, read as they should have been on a 12(b)(6) Motion, sufficiently set out the lack of proable cause in its description of what Plaintiff did and didn't do. uUnder no reasonable reading of any harassment statue or assault statue in New York State did King's actions—unlike the texts and harassment of Defendant Bellavia—constitute any possible crime. Further, no facts justifying arrest for any form of harassment were ever cited to King—either in the arresting documents provided to her of which we reviewed before submitting King's complaint or in the threadbare justifications by Defendant Black to King upon her arrest. We further cited Defendant Black's broad and intimating statements upon the day of King's arrest. We refer you again to paragraph 46 of King's complaint, which states Black's illusory justification: "When Plaintiff expressed disbelief, Defendant Investigator Black cryptically and rather threateningly responded, 'There's more to it than that, but David didn't want to pursue it.'"

## POINT III

### TO SHOW PROBABLE CAUSE, DEFENDANT BLACK—EVEN IF HE HAD THE AUTHORITY TO ARREST MS. KING AS A NON-POLICE OFFICER—WOULD HAVE HAD TO INVESTIGATE THE CLAIMS GIVEN THE RELATIONSHIP BETWEEN THE KING AND BELLAVIA.

Further, as the Magistrate discussed in oral argument—and as the multiple attorneys for the Defendants had no explanation for, other than (as you must certainly recall) moments of silence and random guesses—why did Bellavia's friend, who is not a police officer and does not live in King's county, arrest her? If Bellavia simply picked up the phone in Naples, Florida (where he resides and where his subsequent affidavit was sworn) to call the police to report harassment, would he just happen to contact his friend, at the high-crime's unit, in the district attorney's office, in faraway Orleans County? Further, would that friend (Defendant Black) not have an obligation to investigate further to determine if there was indeed probable cause before he deprived King of her freedom?

Defendant Black—even if he had authority to make an arrest—had a duty to investigate further if he was acting lawfully and in good faith absence of conspiracy with Defendant Bellavia. As is the case here, "[t]he most common situation in which" a victim's statement is insufficient to establish probable cause is "when there exists a prior relationship between the victim and the accused." *Mistretta v. Prokesch*, 5 F.Supp.2d 128, 133 (E.D.N.Y. 1998). Because "such a relationship . . . [can] give[ ] rise to a motive for a false accusation . . . [a] complaint alone may not constitute probable cause; the officer may need to investigate further." *Id*. As plead, Defendant Black and Defendant Bellavia are friends—admitted friends. At the very least, Defendant Black knew of Defendant Bellavia's relationship to King. How could he just arrest her just based on what his friend was telling him—even if he had authority to make the arrest?

**SUMMARY**

**King's complaint stated facts showing that Defendant Black had no justification to arrest King for any form of harassment. It stated facts showing the context for the arrest—Bellavia's building threats and intimidation (by arrest) to silence and discredit King. It stated the relationship between Defendant Black and Defendant Bellavia and the lack of further investigation by Defendant Black, the arresting non-police officer. To dismiss the complaint (on grounds not raised by the Defense) because the charging documents remain sealed and the elements of the underlying offense were not cited—when we have the charging documents provided to King—is further injustice to King.**

Given the lenient standards for pleadings, and the relatively high standard for dismissal, dismissal is not justified at this stage. In review, to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility where the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Given this standard, we should accept as true that Defendant Bellavia tried to silence and discredit King, using building threats to arrest her and intimidation. We should accept as true the admitted relationship between Defendant Black and Defendant Bellavia. We should accept as true the charging documents provided to King, regardless of what is sealed. We should accept as true the lack of any facts cited by Defendant Black justifying King's arrest that could reasonably constitute any form of harassment under any relevant laws or penal codes. We should accept as true that Defendant Black is not a police officer, does not live near King (even in her county) and works for a high-crimes unit in the district attorney's office. King's complaint says all of this. Based on the face facts plead, is it plausible that this was conspiracy in violation of her constitutional rights? Most certainly, yes.

In oral argument, your Honor cited the fact that King and Defendant Black do not like each other and should probably stay far from each other. That is exactly what Ms. King wants, but they have children and her normal interactions with Defendant Bellavia regarding those children is placing her in jeopardy. She brought her Complaint in a hope to stop further infringement upon her rights by Defendant Bellavia and his associates. Her efforts are not the work of a vexatious person with an axe to grind. They are the plea of a guarded person, attempting to bravely stand up against a harm caused to her and hopeful to dissuade some future harm.

In oral argument, the Magistrate stated his belief that Ms. King and Mr. Bellavia dislike each other and should probably stay very far from each other. Ms. King wants nothing more than to avoid Mr. Bellavia's unlawful intrusion into her life. Again, that is why she brought this complaint before your Court. But this is not simply some-post marital spat. This is not the effort of a vindictive woman with an axe to grind. This is the just plea of a United States citizen before the United States Federal Courts seeking redress for violation of Constitutional rights. It is a complaint that should proceed given the facts plead, and which more than justify a rejection of dismissal.

The Magistrate's Recommendation should be reversed and Plaintiff should either be allowed to file her First Amended Complaint or replead her complaint again.

Dated: February 8, 2023

        ADVOCATES FOR JUSTICE,
        CHARTERED ATTORNEYS
        Attorneys for Plaintiff

        By: /s/ *Nathan D. McMurray*
           Nathan D. McMurray
           225 Broadway, Suite 1902
           New York, New York 10007
           716.517.5506
           nmcmurray@advocatesny.com

# EXHIBIT A

CR# 202100001

**STATE OF NEW YORK :**             **COUNTY OF ORLEANS**
**TOWN COURT**                                 **TOWN OF RIDGEWAY**

People of the State of New York

vs.

Bellavia, Deanna, M.   Dob 4/23/75
Aka
King, Deanna, M.

**DEFENDANT**

**INFORMATION**

BE IT KNOWN THAT, by this INFORMATION, that **Inv Corey Black**, as the Complainant herein, stationed at The Orleans County Major Felony Crime Task Force, 13925 Route 31, Albion, NY, 14411, accuses **Deanna M. Bellavia Aka Deanna M. King**, the above mentioned Defendant(s), with having committed the **MISDEMEANOR of AGGRAVATED HARASSMENT IN THE SECOND DEGREE**, in violation of **Section 240.30 Subdivision 2** of the PENAL Law of the State of New York.

That on or about the 5th day of January, 2021, at about 2:48 p.m. in the Town of Ridgeway, County of Orleans, New York, the Defendant(s) did commit the above offense.

**COUNT ONE:** A PERSON IS GUILTY OF AGGRAVATED HARASSMENT IN THE SECOND DEGREE WHEN, WITH INTENT TO HARASS, ANNOY, THREATEN OR ALARM ANOTHER PERSON HE OR SHE: **(1)** COMMUNICATES, OR CAUSES A COMMUNICATION TO BE INITIATED BY MECHANICAL OR ELECTRONICAL MEANS OR OTHERWISE, WITH A PERSON ANONYMOUSLY OR OTHERWISE BY TELEPHONE, OR BY TELEGRAPH, MAIL OR ANY OTHER FORM OF WRITTEN COMMUNICATION, IN A MANNER LIKELY TO CAUSE ANNOYANCE OR ALARM; OR **(2)** MAKES A TELEPHONE CALL, WHETHER OR NOT A CONVERSATION ENSUES, WITH NO PURPOSE OF LEGITIMATE COMMUNICATION; OR **(3)** STRIKES, SHOVES, KICKS, OR OTHERWISE SUBJECTS ANOTHER PERSON TO PHYSICAL CONTACT, OR ATTEMPTS OR THREATENS TO DO THE SAME BECAUSE OF THE RACE, COLOR, RELIGION OR NATIONAL ORIGIN OF SUCH PERSON; OR **(4)** COMMITS THE CRIME OF HARASSMENT IN THE FIRST DEGREE AND HAS PREVIOUSLY BEEN CONVICTED OF THE CRIME OF HARASSMENT IN THE FIRST DEGREE WITHIN THE PRECEEDING TEN YEARS.

**TO WIT:** THE SAID DEFENDANT(S) AT THE ABOVE SAID DATE AND TIME WHILE LOCATED AT 2289 OAK ORCHARD RD IN THE TOWN OF RIDGEWAY, COUNTY OF ORLEANS, STATE OF NEW YORK, DID: COMMIT THE OFFENSE OF AGGRAVATED HARASSMENT AFTER HAVING BEEN PREVIOUSLY DIRECTED MULTIPLE TIMES NOT TO CONTACT ONE DAVID BELLAVIA BY TELEPHONE. THE SAID DEFENDANT DID FROM HER SON AIDEN BELLAVIA'S TELEPHONE CONTACT DAVID BELLAVIA FOR THE SOLE PURPOSE OF HARASSING AND ANNOYING HIM. THE SAID DEFENDANT STATING HER DISPLEASURE FOR AN INSURANCE CARD ISSUE AND STATING " I DON'T CARE WHERE YOU ARE OR IF YOU ARE WITH YOUR GIRLFRIEND" ALL CONTRARY TO THE PROVISIONS OF THE STATUTE IN SUCH CASE MADE AND PROVIDED.

The above allegations of fact are made by the Complainant on direct knowledge and/or upon information and belief, with the sources of Complainant's information and the grounds for belief being:

☒ the facts contained in the attached SUPPORTING DEPOSITION(s) of DAVID BELLAVIA;
☐ a written statement made by the above-named Defendant, prepared by your Complainant in his/her official capacity as a Deputy Sheriff.

In a written instrument, any person who knowingly makes a false statement which such person does not believe to be true has committed a crime under the laws of the State of New York punishable as a Class A Misdemeanor. (NYSPL §210.45)

Affirmed under the penalty of perjury this
26 day of January, 2021

_____
Complainant

☐ Your Complainant requests that a warrant be issued for the above-named Defendant;
☐ an appearance ticket was issued to the above-named Defendant for the above offense(s), directing him/her to appear in the above-named criminal court on ___ at ___ a.m.;
☐ bail in the amount of $0.00 was received by