UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DEANNA MARLENE BELLAVIA aka
DEANNA KING,

                Plaintiff,

      vs.

ORLEANS COUNTY, ORLEANS COUNTY SHERIFF'S
DEPARTMENT, ORLEANS COUNTY DISTRICT
ATTORNEY, COREY BLACK, DEPUTY JOHN DOE,
and DAVID BELLAVIA,

                Defendant.

_____

**Case No.:  22-CV-842**

**DEFENDANT DAVID BELLAVIA'S MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFF'S OBJECTION TO THE MAGISTRATE JUDGE'S REPORT
RECOMMENDATIONS AND ORDER**

Dated: February 21, 2023

WOODS OVIATT GILMAN LLP
Donald W. O'Brien, Jr., Esq.
*Attorneys for Defendant*
  *David Bellavia*
1900 Bausch and Lomb Place
Rochester, New York 14604
585.987.2800
dobrien@woodsoviatt.com

William F. Savino, Esq.
*Attorneys for Defendant*
  *David Bellavia*
1900 Main Place Tower
350 Main Street
Buffalo, New York 14202
716.248.3200
wsavino@woodsoviatt.com

{9123940: }

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........................................................................................ ii

PRELIMINARY STATEMENT ...................................................................................1

POINT I – STANDARD OF REVIEW ........................................................................1

POINT II – THE PLAINTIFF'S SUBMISSION OF NEW
                FACTUAL ARGUMENTS IS IMPROPER .................................................1

POINT III – THE MAGISTRATE JUDGE CORRECTLY
             DETERMINED THAT THE PLAINTIFF FAILED
             TO PLEAD FACTS TO ESTABLISH A LACK OF
             PROBABLE CAUSE .................................................................................3

CONCLUSION.............................................................................................................5

# TABLE OF AUTHORITIES

**Cases:**

**Page(s)**

*Barratt v. Joie,*
    2002 U.S. LEXIS 3452 (S.D.N.Y., March 4, 2002) ............................................................1

*Camardo v. General Motors Hourly-Rate Employees Pension Plan*,
    806 F. Supp. 380 (W.D.N.Y. 1992) ..................................................................................1

*Coyle v. Coyle,*
    2005 U.S. App. LEXIS 23367 (2d Cir., October 27, 2005)...................................................4

*Curley v. Vill. of Suffern,*
    268 F. 3d 65 (2d Cir. 2001)................................................................................................ 3

*DiPonzio v. Empire State Dev. Corp.,*
    2018 U.S. App. LEXIS 22898 (2d Cir. August 17, 2018) ...................................................5

*Fischer v. Forrest*,
    286 F. Supp. 3d 590 (S.D.N.Y., 2018),
    *aff'd*, 968 F. 3d 216 (2d Cir. 2020) .....................................................................................2

*Lane Holdings, Inc. v. Kliger-Weiss Infosystems, Inc.,*
    2020 U.S. Dist. LEXIS 188155 (E.D.N.Y., October 9, 2020)............................................2

*New York City Dist. Council of Carpenters Pension Fund v. Forde*,
    341 F. Supp. 3d 334 (S.D.N.Y. 2018)...............................................................................2

*Singer v. Fulton County Sheriff,*
    63 F.3d 110 (2d Cir. 1995).................................................................................................. 3

*Thomas v. County of Putnam,*
    262 F. Supp. 2d 241 (S.D.N.Y 2003)............................................................................... 3

*VOX Amplification Ltd. v. Meussdorffer*,
    50 F. Supp. 3d 355 (E.D.N.Y. 2014) .................................................................................2

**Other Authorities:**

28 U.S.C. § 636.....................................................................................................................1, 2

Rule 72, Local Rules of Civil Procedure
    for the Western District of New York...............................................................................2

## PRELIMINARY STATEMENT

This Memorandum of Law is submitted on behalf of Defendant, David Bellavia ("Mr. Bellavia"), in opposition to Plaintiff's "Objection to Recommended Order" (Doc. No. 30). The Plaintiff fails to demonstrate any error, oversight or other irregularity in the Report, Recommendation and Order of Magistrate Judge Jeremiah McCarthy's Decision and Order granting Mr. Bellavia's motion to dismiss (Doc. No. 29). Plaintiff chooses, instead, to offer new factual arguments in derogation of both the applicable decisional law and Local Rule of Civil Procedure 72(c).

## POINT I

## STANDARD OF REVIEW

A District Court Judge reviews those aspects of a report and recommendation as to which a party has made a timely objection under a *de novo* standard of review. 28 U.S.C. § 636(b)(1)(C). Following the District Court's review, it "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* However, when a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error. *Barratt v. Joie,* 2002 U.S. LEXIS 3452 at * 2 (S.D.N.Y., March 4, 2002), *citing, Camardo v. General Motors Hourly-Rate Employees Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992).

## POINT II

## THE PLAINTIFF'S SUBMISSION OF NEW FACTUAL ARGUMENTS IS IMPROPER

Plaintiff's Point I in her objection is based upon the summons given to her in connection with her arrest which alleged harassment in the second degree in violation of Section 240.30, subdivision 2, of the Penal Law of the State of New York. Not only does this argument include

new factual assertions not alleged in the complaint or the proposed amended complaint, but it also

incorporates, and relies upon, a new document, the information signed by Mr. Bellavia as

complainant, which was not attached to the complaint or submitted in opposition to Mr. Bellavia's

motion to dismiss.  The inclusion of this document for the first time as part of Plaintiff's objection

to the Magistrate Judge's Report, Recommendation and Order is improper.

> Although a district judge, upon *de novo* review of a magistrate judge's report and
> recommendation, has discretion to "receive further evidence,"
> 28 U.S.C. § 636(b)(1) "courts generally do not consider new evidence raised in
> objections to a magistrate judge's report and recommendation." *Fischer v. Forrest*,
> 286 F. Supp. 3d 590, 603 (S.D.N.Y., 2018), *aff'd*, 968 F. 3d 216 (2d Cir. 2020)
> (quotations and citation omitted). "The submission of new evidence following such
> a Report is merited only in rare cases, where  the party objecting to a Report has
> offered a most compelling reason for the late production of such evidence, . . . or a
> compelling justification for its failure to present such evidence to the magistrate
> judge." *Fischer*, 286 F. Supp. 3d at 603 (quotations, alterations and citations
> omitted); *see also, New York City Dist. Council of Carpenters Pension Fund v.
> Forde*, 341 F. Supp. 3d 334, 338 (S.D.N.Y. 2018), *appeal withdrawn*, 2019 U.S.
> App. LEXIS 7971, 2019 WL 1222841 (2d Cir. Feb. 1, 2019) ("[C]ourts generally
> do not consider new evidence raised in objections to a magistrate judge's report and
> recommendation absent a compelling justification for failure to present such
> evidence to the magistrate judge." (quotations and citation omitted)); *VOX
> Amplification Ltd. v. Meussdorffer*, 50 F. Supp. 3d 355, 368 (E.D.N.Y. 2014) ("A
> district court conducting a de novo review of a magistrate judge's report and
> recommendation is permitted, but not required, to supplement the record by
> entertaining additional evidence. . . . Nevertheless, absent a most compelling
> reason, the submission of new evidence in conjunction with objections to the Report
> and Recommendation should not be permitted."

*Lane Holdings, Inc. v. Kliger-Weiss Infosystems, Inc.,* 2020 U.S. Dist. LEXIS 188155 at \*\*4-5

(E.D.N.Y., October 9, 2020).  Plaintiff offers no reason, let alone a *compelling* reason, to expand

the record at this stage even though the document is dated January 19, 2021 and has evidently been

in her possession since then.

Moreover, Plaintiff's introduction of this document and her inclusion of argument based

upon it to support her objection violates Local Rule 72 of the Local Rules of Civil Procedure for

the Western District of New York.  Rule 72(c) requires that any objections to a Magistrate Judge's

order of recommended disposition include a written statement "either certifying that objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised with the Magistrate Judge."  Plaintiff's objection includes no such statement and, given her inclusion of new factual argument, an explanation why the new matter was not raised with the Magistrate Judge was required.  Mr. Bellavia, therefore, respectfully asks this Court to disregard this new exhibit and the arguments based upon it.[1]

**POINT III**

**THE MAGISTRATE JUDGE CORRECTLY DETERMINED THAT THE PLAINTIFF FAILED TO PLEAD FACTS TO ESTABLISH A LACK OF PROBABLE CAUSE**

Disregarding the new matter included by Plaintiff in her objection, the only other argument she makes is that the Magistrate Judge erred in concluding that the Plaintiff's complaint fails to plead any facts to establish a lack of probable cause.  However, as Magistrate Judge McCarthy accurately noted in his Report, Recommendation and Order, "[a]lthough King repeatedly alleges that she was arrested and prosecuted without probable cause, she does so only in a conclusory fashion." (Doc. No. 29, p. 3). Magistrate Judge McCarthy also pointed out how the Plaintiff's original complaint and proposed amended complaint failed to lay out "the elements of the criminal

---

[1] Ironically, the Information which Plaintiff seeks to add to the record only undermines her claim.  First of all, it clearly contradicts her assertion that the underlying alleged criminal acts did not occur in Orleans County as the Information states that: "said defendant(s) at the above said date and time while located at 2289 Oak Orchard Rd in the Town of Ridgeway, County of Orleans, State of New York, did commit the offense of aggravated harassment…." More importantly, the Information provides presumptive evidence of probable cause.  Absent circumstances that raise doubts as to the victim's veracity, an arresting officer may rely on the report of a victim of a crime. *See, Thomas v. County of Putnam,* 262 F. Supp. 2d 241, 247 (S.D.N.Y 2003); *see also, Curley v. Vill. of Suffern,* 268 F. 3d 65, 70 (2d Cir. 2001) ["When information is received from a putative victim or an eyewitness, probable cause exists, unless the circumstances raise doubt as to the person's veracity."]; *Singer v. Fulton County Sheriff,* 63 F.3d 110, 119 (2d Cir. 1995) [Finding that the predicate for [the arresting officer's] conclusion that probable cause existed to arrest plaintiff for assault was the sworn statement provided by the victim.].

charge for which she was allegedly falsely arrested and/or maliciously prosecuted" and that she never identified the specific charge for which she was arrested (Doc. No. 29, pp. 2-4).

Rather than demonstrate that the initial complaint and the proposed amended complaint set forth sufficient facts to establish a lack of probable cause, Plaintiff doubles down on her irrelevant insinuations regarding the purportedly close relationship between Mr. Bellavia and Defendant Corey Black and their allegedly sinister motives (Doc. No. 30 at pp. 2-4, 6-8).  None of this, of course, tends to establish a lack of probable cause for the arrest.  As noted in Mr. Bellavia's memorandum of law submitted in support of his motion to dismiss (Doc. No. 10-1, pp. 3-4), friendship between a complainant and the arresting officer is not evidence of a conspiracy to violate a Plaintiff's civil rights.  And, while the initial complaint (¶¶ 31 and 45) and the proposed amended complaint (¶¶ 59, 61 and 62) make allegations regarding certain information which law enforcement shared with Plaintiff upon which the arrest was purportedly based, there is no allegation that that information was the only information which led to her arrest.[2]  Thus, Magistrate Judge McCarthy was correct in his assessment that neither pleading alleges facts to support Plaintiff's claim that probable cause was lacking.  Where, as here, the pleadings fail to allege any facts supporting the claim that the police officers who arrested her lacked probable cause, dismissal is warranted. *Coyle v. Coyle,* 2005 U.S. App. LEXIS 23367 at * 2 (2d Cir., October 27, 2005)

Plaintiff's insistence that the municipal defendants lacked probable cause to arrest her does not make up for her failure to plead a plausible claim for relief.   While the Plaintiff is entitled to have her *factual allegations* accepted as true, the Court need not accept a Plaintiff's *legal conclusions* when deciding a motion to dismiss.  "[A]lthough we are bound to accept all of the factual allegations in a complaint as true for purposes of a Rule 12(b)(6) motion, we need not

---

[2] In fact, in both pleadings, the Plaintiff alleges that Defendant Black told Plaintiff that he could not "share the details with her." (Initial complaint at ¶ 39, Proposed Amended Complaint at ¶ 52).

accept as true legal conclusion[s] in a complaint couched as factual allegation[s]. [C]onclusory statements in a complaint are not entitled to an assumption of truth." *DiPonzio v. Empire State Dev. Corp.,* 2018 U.S. App. LEXIS 22898 at * 9 (2d Cir. August 17, 2018).

## CONCLUSION

The Magistrate Judge's Report, Recommendation and Order should be confirmed.  As Magistrate Judge McCarthy noted during oral argument, "…the only thing I'm certain of is that I think any pleading which would have to be considered has to go into greater detail about what exactly the criminal charges were, what the elements of that charge were and why there was not probable cause for those." (Docket No. 32, p. 23)  The Plaintiff in both her original complaint and her proposed amended complaint failed to allege sufficient facts to support a plausible claim that the Municipal Defendants lacked probable cause to arrest her.


Dated: February 21, 2023
Rochester, New York

**WOODS OVIATT GILMAN LLP**

By:    /s/ Donald W. O'Brien
        Donald W. O'Brien, Jr., Esq.
        *Attorneys for Defendant*
         *David Bellavia*
        1900 Bausch and Lomb Place
        Rochester, New York 14604
        585.987.2800
        dobrien@woodsoviatt.com

        William F. Savino, Esq.
        *Attorneys for Defendant*
         *David Bellavia*
        1900 Main Place Tower
        350 Main Street
        Buffalo, New York 14202
        716.248.3200
        wsavino@woodsoviatt.com

To:   Nathan McMurray, Esq.
Arthur Z. Schwartz, Esq.
Advocates for Justice,
 Chartered Attorneys
225 Broadway, Suite 225
New York, New York 10007
212.285.1400
aschwartz@afjlaw.com