UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DEANNA MARLENE BELLAVIA aka
DEANNA KING,

                Plaintiff,

    vs.

                                      **Case No.:  22-CV-842**

ORLEANS COUNTY, ORLEANS COUNTY SHERIFF'S
DEPARTMENT, ORLEANS COUNTY DISTRICT
ATTORNEY, COREY BLACK, DEPUTY JOHN DOE,
and DAVID BELLAVIA,

                Defendant.

**PLAINTIFF KING'S CORRECTED REPLY MEMORANDUM OF LAW IN SUPPORT OF  PLAINTIFF'S OBJECTION TO THE MAGISTRATE JUDGE'S REPORT, RECOMMENDATIONS AND ORDER**

## INTRODUCTION

This Reply Memorandum of Law is submitted in response to the submission by Defendants opposing Plaintiff's Objection to the Magistrate's Report.

## STANDARD OF REVIEW

"The district court is not bound by the recommendation of the magistrate judge, rather it may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. *Smith v. Marcellus*, 917 F.Supp. 168, 170 (W.D.N.Y. 1995) *citing Grassia v. Scully,* 892 F.2d 16, 19 (2d Cir.1989).  When reviewing a report and recommendation, a District Court Judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C.A. § 636(b)(1)(C) (West 2008). The Court must make a *de novo* determination to

the extent that a party makes specific objections to a magistrate's findings. *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir.1997). A District Court judge has discretion to "receive further evidence," 28 U.S.C. § 636(b)(1) where there is a or a compelling  justification . . ." Fischer, 286 F. Supp. 3d at 603; see also New York City Dist. Council of Carpenters Pension Fund v. Forde, 341 F. Supp. 3d 334, 338 (S.D.N.Y. 2018).

### 1.  THE SUMMONS IS NOT NEW EVIDENCE

Defendant Bellavia argues the Court may not consider the summons attached to our Objections it is a "new factual argument."  This is entirely inaccurate.  Plaintiff has always contended that her claims that Defendants lacked probable cause for her arrest were based on charging documents in her possession.  During oral argument, upon questioning by the Magistrate, Plaintiff's counsel explained that the allegations in her Complaint and Amended Complaint are based upon "the documentation [regarding the charges against her] that [Plaintiff] had in her possession.[1]" See Tr. 8:5-6.(Transcript annexed as Exhibit A).  These documents include the criminal Information charging Plaintiff with the "MISDEMEANOR OF AGGGRAVATED HARASSMENT IN THE SECOND DEGREE." Ex. A.  In considering a motion to dismiss, the court may consider "documents 'integral' to the complaint and relied upon in it, even if not attached or incorporated by reference." *Idearc Media LLC v. Siegel, Kelleher & Kahn LLP*, 2012 WL 5499496, at *2 (W.D.N.Y. 2012) quoting *In re Merrill Lynch & Co., Inc.*, 273 F.Supp.2d 351, 356–357 (S.D.N.Y. 2003) (citations omitted), *aff'd* 396 F.3d 161 (2d Cir.2005), *cert denied* 546 U.S. 935, 126 S.Ct. 421, 163 L.Ed.2d 321 (2005).  Here, the criminal Information by which Plaintiff was charged is integral to her claims regarding probable cause and indeed, was the basis for those claims.  As such, it cannot be argued that it is "new evidence."

---

[1] The Transcript of oral argument on Defendant Bellavia's motion to dismiss is attached, for the Court's convenience, as Exhibit B.  References thereto are cited as Tr. pp:ln.

Further, it demonstrates on its face the lack of probable cause for Plaintiff's arrest. The charging document indicates both that Plaintiff acted "with the sole purpose of harassing and annoying [Defendant Bellavia" but also that she contacted him regarding an "insurance card issue."

Even if the summons (that was discussed in oral argument and used to draft Ms. King's complaint) is somehow deemed new evidence, the District Judge, upon *de novo* review of a Magistrate Judge's report and recommendation, has discretion to receive further evidence where there is a or a compelling justification. *Berbick v. Precinct 42*, 977 F. Supp. 2d 268, 273 (S.D.N.Y. 2013). Could there be a more compelling justification than the Magistrate's repeated requests to see such documentation, which further illustrates the most egregious misuse of state power via a conspiracy to arrest Plaintiff (to silence and discredit her) without probable cause in violation of her Fourth Amendment rights under the U.S. Constitution, which protects individuals from unreasonable searches and seizures and requires that law enforcement officials have probable cause?

2.   **ASSUMING THE FACTS AS PLEAD ARE TRUE—THAT PLAINTIFF WAS ARRESTED BY HER ESTRANGED HUSBAND'S FRIEND FOR ASKING FOR AN INSURANCE CARD—THERE IS NO REASONABLE INTERPRETATION OF THE FACTS THAT THERE WAS PROBABLE CAUSE FOR ARREST**

All factual allegations presented by Plaintiff must be considered as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Thus, the Court must accept as true that Defendant Black was a non-police officer. We must accept as true that he was close friends with Defendant Bellavia. We must accept as true (which was clearly stated in the Information) that she was arrested across county lines only for asking for an insurance card. To consider these facts as true and reject Plaintiff's complaint at this early stage because she did not list the specific elements of harassment in the second degree (Section 240.30, Subdivision 2, of the Penal Law of New York State)—even though the summons citing such law was used to draft the complaint and referenced in oral argument—would be unfair and unjust. Under no reasonable circumstances, and under no reasonable reading of these facts, could

there be probable cause to arrest Plaintiff.  Thus no reasonable circumstances, and under no reasonable reading of these facts is dismissal appropriate.

What was Mr. Black's reasonable basis to believe that a crime was been committed? "Probable cause exists if a law enforcement official, on the basis of the totality of the circumstances, has sufficient knowledge or reasonably trustworthy information to justify a person of reasonable caution in believing that an offense has been or is being committed by the person to be arrested." *Thompson v. City of New York*, 592 F. App'x 36, 37 (2d Cir. 2015) (quoting *United States v. Gagnon*, 373 F.3d 230, 236 (2d Cir. 2004)). Again, as stated in the Complaint and throughout these proceedings, Defendant Black was not even a police officer, but he presented himself as such to Plaintiff.  In addition, he was aware that Defendant Bellavia's claim against Plaintiff was that she contacted him regarding their children's health insurance.  Based on these facts, how could there be probable cause for him to arrest her (out of County) for any crime?

Further, while the friendship of Defendant Black and Defendant Bellavia does not alone prove conspiracy, it does show the requirement of additional steps to show probable cause. As cited previously, holding that where a bitter prior relationship exists "and is known to the arresting officer before the arrest is made [even though Defendant Black was posing as an officer], the complaint alone may not constitute probable cause; the officer may need to investigate further." *Mistretta v. Prokesch*, 5 F.Supp.2d 128, 133 (E.D.N.Y. 1998).   Here, Orleans County Sherriff's Department undertook NO investigation, and, instead allowed an investigator from the District Attorney's office to effectuate an arrest without authority and without investigating the facts. This, too, demonstrates the lack of probable cause.

The Defendants want all inferences drawn in their favor, contrary to the legal standards. They have made no attempt to show that probable cause exists. The Second Circuit has not addressed

directly whether a §1983 plaintiff has the burden of proving the absence of probable cause or whether the defendant has the burden of proving its existence. *See Warheit v. City of New York*, 271 Fed. Appx. 123, 125 (2d Cir. 2008); *Davis v. Rodriguez*, 364 F.3d 424, 434 n. 8 (2d Cir. 2004). Here the court is, however, shifting the burden to fall squarely (and with great weight and force) on Plaintiff.

3. **CONLCUSION: THE MAGISTRATE JUDGE'S REPORT SHOULD BE REJECTED, BECAUSE THE UNDER NO INTERPREATION OF THE FACTS COULD A NON-POLICE OFFICER HAVE PROBABLE CAUSE TO ARREST MS. KING FOR ASKING FOR AN INSURANCE CARD.**

The Magistrate's Report and Recommendation should be rejected as inconsistent with the law and facts. As to the law, Plaintiff has sufficiently set forth plausible claims as required by *Iqbal* and *Twombly*, as is set forth above. *See Iqbal*, *supra*; *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007). To come to its conclusion, the Magistrate's Report and Recommendation ignores well pleaded facts and focuses solely on the erroneous presumption that Plaintiff must submit a copy of the charging document in a sealed criminal matter to plead lack of probably cause. This is not the law. Plaintiff has plead there was no probable cause for her arrest based on the Criminal Information, because, as plead:

- Plaintiff contacted Defendant Bellavia sparingly and only for legitimate purposes.

- Defendant Black was privy to the purportedly "objectionable" communications and their context (Plaintiff needed updated health insurance information that Defendant Bellavia had previously refused to provide).

- Defendant Black is not a police officer, but he presented himself as a member of the Orleans County Sheriff's Department;

- Neither Plaintiff nor Defendant Bellavia lives in Orleans County;

- Defendant Bellavia threatened Plaintiff with arrest to defame her; and

- Defendant Black and Defendant Bellavia are friends, which requires additional steps to show probable cause, which were not met.

- Further, the Information should be considered to clear up any misunderstanding about the basis for the Complaint, because the Information and the statements of Defendant Black upon Plaintiff's arrest only cite trivial matters, which under no interpretation of any law can be reasonably seen as any form of harassment (including the serious crime of harassment in the second degree as cited in the summons) or any other form criminal wrongdoing justifying arrest;

- None of this is "new evidence," as it was used to draft the complaint, was cited in the complaint; and cited in oral argument, and as a government document can be considered by the Court in determining a Motion to Dismiss; and

- Even if the summons is considered new evidence, the introduction of such evidence is equitably necessary to seek justice for a very serious infraction of Plaintiff's Constitutional rights against unreasonable search and seizure under the Fourth Amendment.

Dated: March 1, 2023

ADVOCATES FOR JUSTICE
CHARTERED ATTORNEYS

By: *Nathan McMurray*
Nathan McMurray
225 Broadway Suite 1902
New York, New York 10007
212-285-1400
nate@advocatesny.com