UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────

DEANNA MARLENE BELLAVIA,
a/k/a DEANNA KING,

      Plaintiff,

v.

ORLEANS COUNTY, ORLEANS
COUNTY SHERIFF'S DEPARTMENT,
ORLEANS COUNTY DISTRICT
ATTORNEY, COREY BLACK,
DEPUTY JOHN DOE, and DAVID
BELLAVIA,

      Defendants.
───────────────────────────────

22-CV-842 (JLS)(JJM)

## DECISION AND ORDER

Plaintiff Deanna Marlene Bellavia, a/k/a Deanna King, commenced this action on November 4, 2022, alleging, *inter alia,* that Defendant David Bellavia violated her civil rights by conspiring with others to arrange for her false arrest and prosecution without probable cause. Dkt. 1. On December 22, 2022, Defendant Bellavia moved to dismiss the complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Dkt. 10. Plaintiff opposed the motion, and Defendant replied. Dkts. 19, 22. This Court referred the case to United States Magistrate Judge Jeremiah J. McCarthy for all proceedings under 28 U.S.C. §§ 636(b)(1)(A), (B), and (C). Dkt. 12.

On January 25, 2023, Judge McCarthy issued a Report and Recommendation ("R&R") recommending that this Court grant the motion to dismiss. Dkt. 29.

Plaintiff objected—arguing that her complaint adequately stated facts showing false arrest or, in the alternative, the court should have granted her leave to amend. Dkt. 30, at 2. Defendant responded, and Plaintiff replied.[1] Dkts. 33, 34, 35.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985).

This Court carefully reviewed the R&R, the objections, the response, the amended reply, and the parties' initial submissions to Judge McCarthy. Based on its *de novo* review, the Court accepts and adopts Judge McCarthy's recommendation.

Moreover, the alleged conspiracy (in both versions of the complaint) lacks the requisite plausibility to survive a Rule 12(b)(6) motion, namely, in its reliance on factually-bare speculation about a supposed improper agreement based solely on a pre-existing relationship between Defendant Black and David Bellavia.[2] *See* Dkt.

---

[1] Plaintiff submitted an amended reply memorandum of law on March 3, 2023. Dkt. 35.

[2] The Court also notes with interest the apparent disconnect between the transcript before Judge McCarthy (Dkt. 35-1, at 5–8) and Plaintiff's objection (Dkt. 30, at 10, Ex. A), with respect to whether Plaintiff's counsel had access to the criminal charging document prior to filing this suit. *See* Dkt. 35, at 2.

27-1, at 7–8, ¶¶ 29–30, 32–33; 10 ¶ 47; 11 ¶ 53; 15 ¶ 74; Dkt. 27-3, at 11 ¶ 48; 12 ¶ 58; 13 ¶¶ 61, 63; 14–15 ¶¶ 69, 73–77; 19 ¶ 98.

For the reasons stated above and in the R&R, the Court GRANTS Defendant Bellavia's motion to dismiss (Dkt. 10). The case is referred back to Judge McCarthy for further proceedings consistent with the referral order of December 26, 2022 (Dkt. 12).

SO ORDERED.

Dated:   March 21, 2023
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE