UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X

DEANNA MARLENE BELLAVIA aka DEANNA KING,

                Plaintiff,                              Civil Action No. 22-842

       v.

ORLEANS COUNTY, ORLEANS COUNTY SHERIFF'S
DEPARTMENT, ORLEANS COUNTY DISTRICT
ATTORNEY, COREY BLACK, DEPUTY JOHN DOE,
and DAVID BELLAVIA,

                Defendants.

------------------------------------------------------------------------ X

---

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION
FOR LEAVE TO AMEND THE COMPLAINT**

---

Dated: June 5, 2023

ADVOCATES FOR JUSTICE,
CHARTERED ATTORNEYS
Nathan McMurray, Esq.
Attorney for Defendant Deanna King
225 Broadway, Suite 1902
New York, New York 10007
212-285-1400
nmcmurray@advoctesny.com

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ....................................................................................................... II

PRELIMINARY STATEMENT ................................................................................................... 1

STATEMENT OF FACTS ............................................................................................................ 1

STANDARD OF REVIEW ........................................................................................................... 1

ARGUMENT .................................................................................................................................. 2

    POINT I:  LEAVE TO AMEND SHOULD BE GRANTED AS THE ARRESTING
    DOCUMENTS SUPPORT PLAINTIFF'S CONSTITUTIONAL AND FALSE ARREST
    CLAIMS AGAINST DEFENDANTS' BLACK AND THE ORLEANS COUNTY
    SHERIFF'S OFFICE ............................................................................................................. 2

        A.   Defendants Black and the Orleans County Sheriff's Office Were Under a
        Heightened Duty to Investigate Bellavia's Self-Interested Claims ....................................... 2

        B.   Defendants Failed to Carry Out Their Heightened Investigatory Duties and Had
        No Probable Cause to Arrest Plaintiff for Charges that Were Eventually Dismissed ............ 3

    POINT II:  GIVEN THE EARLY STAGES OF THIS LITIGATION DEFENDANTS'
    WILL NOT BE PREJUDICED BY AMENDMENT OF THE COMPLAINT ........................... 4

CONCLUSION ............................................................................................................................... 5

# **TABLE OF AUTHORITIES**

### Cases

Dougherty v. North Hempstead Bd. of Zoning Appeals, 282 F.3d 83 (2d Cir. 2002) ................... 1

Foman v. Davis, 371 U.S. 178 (1962) ................................................................................................ 1

IBEW Local Union No. 58 Pension Trust Fund & Annuity Fund v. Royal Bank of Scotland
    Grp., PLC, 783 F.3d 383 (2d Cir. 2015) ............................................................................... 2

J.S. ex rel. N.S. v. Attica Cent. Schs., 386 F.3d 107 (2d Cir. 2004) ............................................. 2

Lee v. Regal Cruises, Ltd., 916 F. Supp. 300 (S.D.N.Y. 1996) .................................................... 1, 3

Mistretta v. Prokesch, 5 F. Supp. 2d 128 (E.D.N.Y. 1998) ............................................................ 3

Provost v. City of Newburgh, 262 F.3d 146 (2d Cir. 2001) ........................................................... 2

Ricciuti v. NYC Transit Authority, 124 F.3d 128 (2d Cir. 1991) ................................................... 3

Singer v. Fulton County Sheriff, 63 F.3d 110 (2d Cir. 1995) ........................................................... 2

Singer, Lee v. Sandberg, 136 F.3d 94 (2d Cir. 1997) ...................................................................... 4

### Other Authorities

Wayne A. La Fave, Search and Seizure § 3.4(a), at 204-14 (3d ed. 1996 Supp. 1998) ............. 3, 4

### Rules

Federal Rule of Civil Procedure 15(a)(2) ....................................................................................... 1

Federal Rule of Civil Procedure Rule 12(b), (e), or (f) ............................................................. 1, 2

**PRELIMINARY STATEMENT**

This Motion to Amend is submitted on behalf of Deanna King, aka Deanna Bellavia ("Ms. King"). We seek to amend the complaint based on newly discovered and verified information contained in the full arrest record—which has been diligently obtained through collaborative efforts with opposing counsel. The confirmation and completeness of the record have been established, despite minor discrepancies found between the records obtained by each side. Importantly, these documents further affirm that no actions or conduct by Ms. King justified her arrest by a non-police officer friend of her estranged husband in a county where neither she nor her estranged husband resided.

**STATEMENT OF FACTS**

This motion incorporates the Facts Relevant to All Claims as stated in the proposed Amended Complaint.

**STANDARD OF REVIEW**

Leave to amend should be freely granted when justice so requires. Fed. R. Civ. P. 15(a)(2). "Nonetheless, the Court may deny leave if the amendment (1) has been delayed unduly, (2) is sought for dilatory purposes or is made in bad faith, (3) the opposing party would be prejudiced, or (4) would be futile." Lee v. Regal Cruises, Ltd., 916 F. Supp. 300, 303 (S.D.N.Y. 1996) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." Lucente v. Int'l Bus. Machs. Corp., 310 F.3d 243, 258 (2d Cir. 2002) (citing Dougherty v. North Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 88 (2d Cir. 2002)). "Thus, the standard for denying leave to amend based on futility is the same as the standard for granting a motion to dismiss." IBEW Local Union No. 58 Pension Trust Fund & Annuity Fund v. Royal Bank of Scotland Grp., PLC, 783 F.3d

383, 389 (2d Cir. 2015). In reviewing a motion to dismiss under Rule 12(b)(1), the court "must accept as true all material factual allegations in the complaint, but [is] not to draw inferences from the complaint favorable to plaintiffs." J.S. ex rel. N.S. v. Attica Cent. Schs., 386 F.3d 107, 110 (2d Cir. 2004).

## ARGUMENT

## POINT I

### LEAVE TO AMEND SHOULD BE GRANTED AS THE ARRESTING DOCUMENTS SUPPORT PLAINTIFF'S CONSTITUTIONAL AND FALSE ARREST CLAIMS AGAINST DEFENDANTS' BLACK AND THE ORLEANS COUNTY SHERIFF'S OFFICE

**A.    Defendants Black and the Orleans County Sheriff's Office Were Under a Heightened Duty to Investigate Bellavia's Self-Interested Claims**

The standards governing false arrest claims under the Fourth Amendment are well-established and straightforward. Whether the Fourth Amendment has been violated turns on whether probable caused existed for the arrest. Provost v. City of Newburgh, 262 F.3d 146, 156-57 (2d Cir. 2001). "Probable cause exists when an officer has knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime.'" Provost, 262 F.3d at 157 (internal quotations and citation omitted). Where no probable cause exists under this standard, a Fourth Amendment violation is established. See id. at 156-60 (affirming Fourth Amendment violation where probable cause did not exist under disorderly conduct statute). When an officer is informed of a crime by a person claiming to be a victim, and that person signs a complaint, the officer generally has probable cause to arrest. Singer v. Fulton County Sheriff, 63 F.3d 110 (2d Cir. 1995) at 119.

2

Officers are not absolutely privileged, however, to arrest upon a charge by any private individual who claims to be a victim. Some have axes to grind. Thus, there is a caveat to the general rule: victim complaints ordinarily establish probable cause "absent circumstances that raise doubts as to the victim's veracity." Singer, 63 F.3d at 119; Lee v. Sandberg, 136 F.3d 94, 102-03 (2d Cir. 1997); see generally 2 Wayne A. La Fave, Search and Seizure § 3.4(a), at 204-14 (3d ed. 1996 Supp. 1998) (hereinafter "La Fave").

The most common situation in which such doubts arise is when there exists a prior relationship between the alleged victim and the accused, giving rise to a motive for false accusation. When such a relationship exists, and is known to the arresting officer before the arrest is made, the complaint alone may not constitute probable cause; the officer may need to investigate further. Where a bitter prior relationship exists "and is known to the arresting officer before the arrest is made, the complaint alone may not constitute probable cause; the officer may need to investigate further." Mistretta v. Prokesch, 5 F. Supp. 2d 128 (E.D.N.Y. 1998). Thus, although ordinarily, an arresting officer "is not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest, " Ricciuti v. NYC Transit Authority, 124 F.3d, 128 (2d Cir. 1991), where, as here, "a bitter prior relationship exists," "and is known to the arresting officer before the arrest is made, the complaint alone may not constitute probable cause; the officer may need to investigate further. " Mistretta v. Prokesch, 5 F. Supp. 2d at 133.

**B.    Defendants Failed to Carry Out Their Heightened Investigatory Duties and Had No Probable Cause to Arrest Plaintiff for Charges that Were Eventually Dismissed**

Ms. King's arrest by Corey Black, who was not a police officer but was acquainted with Ms. King's estranged husband, Mr. Bellavia, raises significant concerns. It is clear that Black had knowledge of Ms. King's relationship to Mr. Bellavia at the time of the arrest, which should have

3

prompted him to exercise caution and investigate further before proceeding with the arrest. The arrest record itself reveals no circumstances that would justify the arrest.

Victim complaints typically establish probable cause unless there are circumstances that raise doubts about the victim's veracity, as emphasized in <u>Singer, Lee v. Sandberg</u>, 136 F.3d 94, 102-03 (2d Cir. 1997), and 2 Wayne A. La Fave, Search and Seizure § 3.4(a), at 204-14 (3d ed. 1996 Supp. 1998) (La Fave).

The most common situation where doubts regarding the victim's veracity arise is when a prior relationship between the victim and the accused exists, which may give rise to a motive for a false accusation. In such cases, if the arresting officer is aware of this prior relationship before making an arrest, the complaint alone may not establish probable cause, and further investigation will be necessary. Empirical studies indicate that police are hesitant to act without additional inquiry when they become aware of such prior relationships (2 La Fave, § 3.4(a), at 213). It's the common practice to establish probable cause.

The Arresting Document, which is attached to the Amended Complaint as an exhibit, serves to corroborate the factual allegations outlined in the revised claims presented in Amended Complaint paragraphs 18-55. Additionally, it provides support for the revised claims themselves, as stated in Amended Complaint paragraphs 56-69. The inclusion of the Arresting Document strengthens the case by providing concrete evidence that aligns with the revised claims and substantiates the allegations put forth.

## POINT II

### GIVEN THE EARLY STAGES OF THIS LITIGATION DEFENDANTS' WILL NOT BE PREJUDICED BY AMENDMENT OF THE COMPLAINT

Leave to amend is freely granted at this early stage of litigation, especially considering that the defendants will not be prejudiced by our proposed amendment. The amendment is not futile as

the facts alleged in the current pleading clearly indicate the absence of probable cause for the arrest of Ms. King. By allowing this amendment, the interests of justice will be served, and the pleadings will accurately reflect the lack of justification for the arrest, thereby ensuring a fair and just resolution of the case.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion should be granted.

Dated   June 22, 2023
        New York, New York

                                    ADVOCATES FOR JUSTICE,
                                    CHARTERED ATTORNEYS
                                    *Attorney for Defendant Deanna King*

                                    By:_____/s/ Nathan McMurray_____
                                            Nathan McMurray Esq.
                                    225 Broadway, Suite 1902,
                                    New York, New York 10007
                                    212-285-1400
                                    nmcmurray@advoctesny.com