UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DEANNA MARLENE BELLAVIA aka
DEANNA KING,

                                    Plaintiff,          Civ. No.:  1:22-cv-00842-JLS

v.

ORLEANS COUNTY, ORLEANS COUNTY
SHERIFF'S DEPARTMENT, ORLEANS COUNTY
DISTRICT ATTORNEY, COREY BLACK,
DEPUTY JOHN DOE, and DAVID BELLAVIA,

                                    Defendants.

_____

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION
TO FILE AN AMENDED COMPLAINT AND IN SUPPORT OF
<u>DEFENDANTS' MOTION TO DISMISS</u>**

WEBSTER SZANYI LLP
 Attorneys for Defendants
 Orleans County, Orleans County Sheriff's
 Department, Orleans County District Attorney,
 Corey Black
Shannon B. Vandermeer
424 Main Street, Suite 1400
Buffalo, New York 14202
(716) 842-2800
svandermeer@websterszanyi.com

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................. iii

PRELIMINARY STATEMENT .......................................................................... 1

PLAINTIFF'S ALLEGATIONS IN THE PROPOSED AMENDED COMPLAINT .............. 2

STANDARD OF REVIEW ............................................................................... 4

ARGUMENT ................................................................................................. 4

POINT I ....................................................................................................... 5

    Probable Cause Defeats Plaintiff's Claims ............................................... 5

POINT II ...................................................................................................... 9

    The Claims Against Orleans County Remain Futile
    Because Plaintiff Fails to Allege a *Monell* Claim ...................................... 9

POINT III ..................................................................................................... 12

    Plaintiff Fails to Allege a Malicious Prosecution Claim ............................ 12

POINT IV ..................................................................................................... 14

    Plaintiff's Equal Protection Claim is Wholly Conclusory .......................... 14

POINT V ...................................................................................................... 15

    The Individual County Defendants Are Entitled to Immunity .................... 15

        A.  Eleventh Amendment Immunity Applies ......................................... 15

        B.  Absolute Immunity Applies to the District Attorney
           and Investigator Black ................................................................. 16

        C.  Qualified Immunity Applies to Investigator Black ........................... 17

POINT VI ..................................................................................................... 18

    Plaintiff's Allegations Do Not Describe a § 1983 Conspiracy .................... 18

POINT VII .................................................................................................... 20

    The Orleans County Sheriff's Office is Not Capable of Being Sued ........... 20

POINT VIII............................................................................................................... 20

    Any Claim for Punitive Damages Must be Dismissed......................................... 20

CONCLUSION ....................................................................................................... 21

**TABLE OF AUTHORITIES**

**CASES**                                                                     **PAGE**

*A.M. Kawski v. Johnson & Johnson,*
    2005 WL 3555517 (W.D.N.Y. 2005) ................................................................. 4

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ......................................................................................... 4

*Bailey v. United States,*
    568 U.S. 186 (2013) ......................................................................................... 5

*Baker v. N.Y.C.,*
    44 A.D.3d 977 (2d Dept. 2007) ........................................................................ 14

*Batt v. Buccilli,*
    2017 WL 1190487 (W.D.N.Y. 2017) ................................................................. 18

*Bellamy v. City of New York,*
    914 F.3d 727 (2d Cir. 2019) ............................................................................ 12

*Bernard v. Cnty of Suffolk,*
    356 F.3d 495 (2d Cir. 2004) ............................................................................ 16

*Bernstein v. City of New York,*
    2007 WL 1573910 (S.D.N.Y. 2007) .................................................................. 13

*Bond v. City of New York,*
    2015 WL 5719706 (E.D.N.Y. 2015) ................................................................... 1

*Butler v. City of Batavia,*
    323 Fed.Appx. 21 (2d Cir. 2009) ...................................................................... 15

*Canales v. Sheahan,*
    2017 WL 1164462 (W.D.N.Y. 2017) .................................................................. 4

*Chan v. City of New York,*
    2023 WL 2734681 (E.D.N.Y. 2023) ................................................................... 18

*Christian v. Town of Riga,*
    649 F. Supp. 2d 84 (W.D.N.Y. 2009) ................................................................ 19

*Ciambriello v. Cnty. of Nassau,*
    292 F.3d 307 (2d Cir. 2002) ............................................................................ 18

iii

*City of Newport v. Fact Concerts,*
    453 U.S. 247 (1981) ................................................................ 20

*Collins v. City of Harker Heights, Tex.,*
    503 U.S. 115 (1992) .................................................................. 9

*Curley v. Vill. of Suffren,*
    268 F.3d 388 (2d Cir. 2006) ...................................................... 6

*Davis v. Lynbrook,*
    224 F.Supp.2d 463 (E.D.N.Y. 2002) ........................................ 20

*Debellis v. Schmoke,*
    2021 WL 38262 (S.D.N.Y. 2021) ............................................... 1

*Dettelis v. Cnty. of Cattaraugus,*
    2016 WL 1729554 (W.D.N.Y. 2016) ....................................... 16

*Dininny v. Trentanelli,*
    2010 WL 5343180 (W.D.N.Y. 2010) ....................................... 20

*Doe v. Green,*
    593 F.Supp.2d 523 (W.D.N.Y. 2009) .................................. 12, 16

*Doe v. Smith,*
    704 F. Supp. 1177 (S.D.N.Y. 1988) ......................................... 17

*Fisher v. Bureau of Alcohol, Tobacco and Firearms,*
    2023 WL 2082552 (W.D.N.Y. 2023) ......................................... 7

*Fox v. Cnty. of Yates,*
    2020 WL 4616665 (W.D.N.Y. 2020) ....................................... 13

*Freeman v. Ellis, et al.,*
    2022 WL 2114796 (W.D.N.Y. 2022) ......................................... 5

*Galarza v. N.Y.C. Police Dept.,*
    2019 WL 4409695 (2d Cir. 2019) .............................................. 6

*Giano v. Senkowski,*
    54 F.3d 1050 (2d Cir. 1995) .................................................... 15

*Gleis v. Buehler,*
    374 Fed.Appx. 218 (2d Cir. 2010) ............................................. 5

*Hardy v. Erie Cnty.,*
    2012 WL 1835624 (W.D.N.Y. 2012) .................................................................. 11

*Hill v. City of New York,*
    2007 WL 4592000 (S.D.N.Y. 2007) ................................................................... 13

*Hornstein v. Wolf,*
    109 A.D.2d 129 (2d Dept. 1985) ....................................................................... 14

*Houghton v. Cardone,*
    295 F.Supp.2d 268 (W.D.N.Y. 2003) ................................................................ 10

*Imbler v. Pachtman,*
    424 U.S. 409 (1976) ........................................................................................... 16

*St. John v. Marlborough,*
    163 A.D.2d 761 (3d Dept. 1990) ......................................................................... 6

*Johnson v. McMorrow,*
    2023 WL 1797063 (S.D.N.Y. 2023) ..................................................................... 6

*Johnson v. Newburg Enlarged Sch. Dist.,*
    239 F.3d 246 (2d Cir. 2001) .............................................................................. 17

*Jones v. Trump,*
    971 F. Supp. 783 (S.D.N.Y. 1997) ....................................................................... 5

*Kraus v. Town of Friendship,*
    2017 WL 2403309 (W.D.N.Y. 2017) .................................................................... 1

*Long v. Cnty of Orleans,*
    540 F.Supp.3d (W.D.N.Y. 2021) ....................................................................... 20

*Manganiello v. City of New York,*
    612 F.3d 149 (2d Cir. 2010) ................................................................................. 5

*McCardle v. Haddad,*
    131 F.3d 43 (2d Cir. 1997) ................................................................................. 17

*Meadows v. Buffalo Police Dept.,*
    2023 WL 1109747 (W.D.N.Y. 2023) .................................................................. 12

*Mesa v. City of New York,*
    2013 WL 31002 (S.D.N.Y. 2013) ......................................................................... 5

*Mistretta v. Prokesch,*
　　5 F.Supp.2d 128 (E.D.N.Y. 1998) ................................................................. 7, 8

*Moye v. City of New York,*
　　2012 WL 2569085 (S.D.N.Y. 2012) ................................................................. 17

*Nolan v. Cnty. of Erie,*
　　2020 WL 1969329 (W.D.N.Y. 2020) ................................................................. 10

*Ocasio v. City of Canandaigua,*
　　2021 WL 115509 (W.D.N.Y. 2021) ................................................................. 18

*Palacio v. Goord*,
　　338 Fed. Appx. 37 (2d Cir. 2009) ................................................................. 7

*Peters v. City of Buffalo,*
　　848 F.Supp. 378 (W.D.N.Y. 2012) ................................................................. 16

*Present v. Avon Products, Inc.,*
　　253 A.D.2d 183 (1st Dept. 1999) ................................................................. 13

*Ricciuti v. N.Y.C. Transit Auth.,*
　　124 F.3d 128 (2d Cir. 1991) ................................................................. 8

*Roberites v. Huff,*
　　2012 WL 1113479 (W.D.N.Y. 2012) ................................................................. 20

*Rubert v. Vill. of Monticello,*
　　2020 WL 176982 (S.D.N.Y. 2020) ................................................................. 6

*Ruggiero v. Cnty. of Orange,*
　　2020 WL 5096032 (S.D.N.Y. 2020) ................................................................. 10

*Ruotolo v. City of New York,*
　　514 F.3d 184 (2d Cir. 2008) ................................................................. 4

*Ruston v. Town Bd. for the Town of Skaneateles,*
　　610 F.3d 55 (2d Cir. 2010) ................................................................. 15

*Sandstrom v. New York, et al.,*
　　2020 WL 3949344 (W.D.N.Y. 2020) ................................................................. 10

*Sheikh v. City of New York Police Dept.,*
　　2008 WL 5146645 (E.D.N.Y. 2008) ................................................................. 6

*Smith v. Town of Lewiston,*
   2020 WL 4237924 (W.D.N.Y. 2020) ................................................................ 10

*Soares v. State of Conn.,*
   8 F.3d 917 (2d Cir. 1993) .................................................................................. 5

*Thomas v. City of New York,*
   2015 WL 9412543 (E.D.N.Y. 2015) ................................................................ 11

*U.S. v. Erie Cnty.,*
   724 F.Supp.2d 357 (W.D.N.Y 2010) ................................................................. 9

*Waite v. Gonzalez,*
   2023 WL 2742296 (E.D.N.Y. 2023) ................................................................. 9

*Walczyk v. Rio,*
   496 F.3d 139 (2d Cir. 2007) ......................................................................... 5, 6

*White v. Fein, Such & Crane, LLP,*
   2016 WL 6493415 (W.D.N.Y. 2016) ................................................................ 4

*Williams v. City of New York,*
   2003 WL 22434151 (S.D.N.Y. 2003) .............................................................. 13

*Worrell v. City of New York,*
   2014 WL 1224257 (E.D.N.Y. 2014) ............................................................... 11

*Wright v. Orleans County,*
   2015 WL 5316410 (W.D.N.Y. 2015) ............................................................ 8, 20

*Wyatt v. City of Lackawanna,*
   2020 WL 4504985 (W.D.N.Y. 2020) .............................................................. 11

*Zahra v. Town of Southold,*
   48 F.3d 674 (2d Cir. 1994) .............................................................................. 10

**STATUTES**                                                                                    **PAGE**

N.Y. Penal Law §§ 240.26, 240.30 ....................................................................... 1, 3

Rule 8(a)(2) ............................................................................................................ 4

Rule 12(b)(6) .................................................................................................. 1, 4, 19

Rule 15(a) ............................................................................................................... 4

## PRELIMINARY STATEMENT

Plaintiff's motion to file an Amended Complaint should be denied.  Plaintiff asserts the same claims against Defendants Orleans County, Orleans County Sheriff's Department, Orleans County District Attorney, and Investigator Corey Black (collectively "County Defendants") as her original complaint.  She alleges the County Defendants unlawfully searched[1] and seized her, denied her equal protection, maliciously prosecuted her, and engaged in a conspiracy.  These claims are futile, and Plaintiff should be denied leave to amend.

Plaintiff's Amended Complaint centers on her January 27, 2021 arrest for aggravated harassment (N.Y. Penal Law § 240.30(2)) and harassment in the second degree (N.Y. Penal Law § 240.26(3)).  (Declaration of Shannon B. Vandermeer, dated July 19, 2023, ("Vandermeer Dec."), Ex. A).  Plaintiff's claims should be dismissed under Rule 12(b)(6).  Plaintiff was arrested pursuant to a lawful arrest warrant signed by a neutral magistrate, Judge R. Kujawa.[2]  (Vandermeer Dec., Ex. A).  The existence of a valid arrest warrant is presumptive proof of probable cause barring her claims.

---

[1] While Plaintiff alleges an "unlawful search," there are no factual allegations to support Plaintiff was searched, much less unlawfully; therefore, this claim should be dismissed.

[2] Plaintiff omitted the arrest warrant from the materials she attached as Exhibit B (Dkt. 45-3).  The Court can take judicial notice of it because the arrest warrant is referenced in her amended complaint making it integral to the complaint.  (Dkt. 45-2, ¶ 24); *see Kraus v. Town of Friendship*, 2017 WL 2403309, at *4 (W.D.N.Y. 2017) ("Where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, thereby rendering the document integral to the complaint."); *Bond v. City of New York*, 2015 WL 5719706, at *2 (E.D.N.Y. 2015) (criminal complaint was "integral to the complaint" which alleged claims including false arrest and malicious prosecution (citations omitted)).  Moreover, the arrest warrant is a public record. *Debellis v. Schmoke*, 2021 WL 38262, at *1 n. 3 (S.D.N.Y. 2021) ("the Court takes judicial notice of the Arrest Warrant and considers it on this motion").

## PLAINTIFF'S ALLEGATIONS IN THE PROPOSED AMENDED COMPLAINT

For purposes of this motion only, the County Defendants assume Plaintiff's allegations are true.  There are not many differences between Plaintiff's Complaint and the Amended Complaint.[3]  Most of Plaintiff's allegations remain centered on the alleged behavior of her ex-husband, David Bellavia ("Bellavia").  There are no allegations that the County Defendants knew about Plaintiff's purported tumultuous marriage with Bellavia. Bellavia is not an employee of the County.  His only connection to the County Defendants is that he reported the incidents that are the subject of the harassment charges to Investigator Black.[4]  (Dkt. 45-2, ¶ 32).  Plaintiff alleges that Investigator Black works for the Orleans County District Attorney's Office.  (Dkt. 45-2, ¶ 3).  Specifically, Bellavia reported to Investigator Black that Plaintiff was harassing him.  Plaintiff was sending defamatory messages and making harassing phone calls to him and his business associates.  (Dkt. 45-2, ¶ 32).  Bellavia reported that Plaintiff posted harassing content about him on her blog.  (Dkt. 45-2, ¶ 32).  Plaintiff abused the phone application "Appclose," which was supposed to be used to communicate about visitation with their children; however, Plaintiff used the application to threaten Bellavia's professional career and discuss non-essential matters.  (Dkt. 45-2, ¶ 32).

As a result of Plaintiff's conduct towards Bellavia, she was charged with N.Y. Penal Law 240.26(3) (harassment in the second degree) and 240.30(2) (aggravated

---

[3] Even though Plaintiff failed to comply with Local Rule 15 by not providing a redline copy of the amended pleading, upon review, most of the changes consist of Plaintiff adding information from the criminal file for her arrest.

[4] Plaintiff's allegation that Bellavia is friends with Investigator Corey Black is irrelevant to her claims.  (Dkt. 45-2, ¶¶ 22-23).

harassment in the second degree).   (Dkt. 45-2, ¶¶ 34-35).  The charging information was provided to Justice Kujawa of the Town of Ridgeway for an arrest warrant.  (Dkt. 45-2, ¶ 24; Dkt. 45-3, p. 12).  Judge Kujawa determined there was sufficient factual information to establish probable cause, and he issued an arrest warrant for Plaintiff.  (Vandermeer Dec., Ex. A).

On January 26, 2021, Investigator Black informed Plaintiff of the arrest warrant. (Dkt. 45-2, ¶ 24).  After speaking with Investigator Black, Plaintiff called her brother-in-law, the Undersheriff of Genesee County, who escorted her to Orleans County the following day to turn herself in.  (Dkt. 45-2, ¶¶ 29-30; Dkt. 45-3, p. 5).  On January 27, 2021, Plaintiff was processed and met with Investigator Black to discuss the charges. (Dkt. 45-2, ¶¶ 41-42, 44, 47).   Plaintiff alleges that Investigator Black posed as an investigator from the Orleans County Sheriff's Department when he met with her.  (Dkt. 45-2, ¶ 22, 24).  She further alleges that the Sheriff's Department authorized Investigator Black to arrest her.  (Dkt. 45-2, ¶¶ 23, 51).

After her arrest, she was arraigned and appeared in court on multiple occasions. (Dkt. 45-2, ¶¶ 54, 55).  An order of protection was also issued, which ordered Plaintiff to refrain from communicating or contacting Bellavia other than through Appclose.  (Dkt. 45-3, p. 6).  Eventually, Plaintiff agreed to an Adjournment in Contemplation of Dismissal for the charges.  (Dkt. 45-2, ¶ 56).

## **STANDARD OF REVIEW**

The standard for a motion to amend under Rule 15(a) of the Federal Rules of Civil Procedure, is that amendments are "freely given when justice so requires," but they may be denied where, inter alia, the amendment would be futile.  *Canales v. Sheahan*, 2017 WL 1164462, at *2 (W.D.N.Y. 2017).  Futility exists where "plaintiff can prove no set of facts in support of his amended claims."  *A.M. Kawski v. Johnson & Johnson*, 2005 WL 3555517, at *5 (W.D.N.Y. 2005) (citing *Pangburn v. Culbertson*, 20 F.3d 65, 71 (2d Cir. 1999)).  In *White v. Fein, Such & Crane, LLP*, Judge Vilardo noted that an "amendment is futile if it cannot survive a motion to dismiss for failure to state a claim under Rule 12(b)(6)."  2016 WL 6493415, at *2 (W.D.N.Y. 2016).  In other words, determinations of futility are governed by the same standards that govern motions to dismiss under Rule 12(b)(6).

## **ARGUMENT**

Plaintiff's motion to amend should be denied because the claims are futile.  The new allegations fail to satisfy Rule 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Many of the allegations have nothing to do with the County Defendants.   The allegations against the County Defendants are completely conclusory.  A complaint must plead "enough facts to state a claim to relief that is plausible on its face."  *Ruotolo v. City of New York,* 514 F.3d 184, 188  (2d  Cir.2008) (quoting *Bell  Atl.  Corp.  v.  Twombly,* 550  U.S.  544,  570  (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Here, Plaintiff states (at best) merely conclusory statements, which are insufficient.

4

**POINT I**

**Probable Cause Defeats Plaintiff's Claims**

The existence of probable cause renders Plaintiff's claims futile because there is no underlying constitutional violation. *Soares v. State of Conn.*, 8 F.3d 917, 920 (2d Cir. 1993) ("If probable cause remains, no constitutional violation of the plaintiff's Fourth Amendment rights has occurred.").   "[T]he general rule [is] that Fourth Amendment seizures are 'reasonable' only if based on probable cause." *Bailey v. United States*, 568 U.S. 186, 192 (2013).  The same analysis extends to a malicious prosecution claim. *See Freeman v. Ellis*, et al., 2022 WL 2114796, *6 (W.D.N.Y. 2022) ("[p]robable cause for an arrest will end the inquiry into malicious prosecution"); *see also Manganiello v. City of New York*, 612 F.3d 149, 160-161 (2d Cir. 2010) (to prevail on a malicious prosecution claim, plaintiff must prove a lack of probable cause).  Similarly, probable cause is a complete defense to an equal protection claim because it provides a legitimate reason for any purported differential treatment. *Mesa v. City of New York*, 2013 WL 31002, at *25 (S.D.N.Y. 2013).

The existence of the arrest warrant signed by Judge Kujawa is presumptive proof that there was probable cause to effectuate the arrest and prosecute Plaintiff. (Vandermeer Dec., Ex. A); *see Gleis v. Buehler*, 374 Fed.Appx. 218, 220 (2d Cir. 2010) (citing *Walczyk v. Rio*, 496 F.3d 139, 155-56 (2d Cir. 2007)); *see also Jones v. Trump*, 971 F. Supp. 783, 788 (S.D.N.Y. 1997), *aff'd*, 1998 WL 1967891 (2d Cir. 1998)) ("Where an arrest is made pursuant to a warrant, there can be no claim for false arrest.").  The Second Circuit has made it clear that "under New York Law, '[a]n arrest warrant validly issued by a court having jurisdiction precludes an action for false arrest against the

municipality and the police officer involved with its execution.'" *Galarza v. N.Y.C. Police Dept.,* 2019 WL 4409695 (2d Cir. 2019) (quoting *St. John v. Marlborough*, 163 A.D.2d 761, 762 (3d Dept. 1990)).   This is because arrest warrants are only issued after a showing of probable cause.  *Walczyk*, 496 F.3d at 155-156.

In order for a plaintiff to establish a constitutional violation when a valid arrest warrant exists, a plaintiff must make a ***substantial*** preliminary showing that the warrant was based on fraud, misrepresentation, or falsification of evidence.  *Sheikh v. City of New York, Police Dept.*, 2008 WL 5146645 (E.D.N.Y. 2008) (citing *Golino v. City of New Haven*, 950 F.2d 864, 870-871 (2d Cir. 1991) (internal citations omitted)).  The Federal Rules of Civil Procedure requires fraud be pleaded with sufficient detail.  *See* Fed. R. Civ. P. 9(b).  Dismissal is required when a plaintiff fails to sufficiently plead that an arrest warrant was procured by fraud, perjury, or falsification of evidence.  *Rubert v. Vill. of Monticello*, 2020 WL 176982, at *4 (S.D.N.Y. 2020).

Here, Plaintiff failed to meet the heavy burden of establishing the arrest warrant was invalid.  The proposed Amended Complaint does not contain any allegation that the arrest warrant was procured by fraud, misrepresentation, or falsification of evidence. While Plaintiff denies most of Bellavia's accusations, her denial does not render the arrest warrant invalid; an officer is not required to explore "every theoretically plausible claim of innocence."  *Curley v. Vill. of Suffren*, 268 F.3d 388, 395-296 (2d Cir. 2006); *see also Johnson v. McMorrow*, 2023 WL 1797063, at *5 (S.D.N.Y. 2023) ("Where a plaintiff's only evidence to rebut the presumption of the indictment is his version of events, courts will find such evidence to be nothing more than mere conjecture and surmise…which is insufficient to rebut the presumption of probable cause.").   As explained by Judge

6

Gleeson in *Mistretta v. Prokesch* (a case cited by Plaintiff), "[i]t is hardly uncommon for people suspected of crimes to deny their involvement.  When they do, police officers who have probable cause to arrest are not required to adjudicate disputed issues of fact…." 5 F. Supp. 2d 128, 135 (E.D.N.Y. 1998).  Similarly, Plaintiff's allegation that Investigator Black was motivated by a personal or political favor to arrest her does not defeat probable cause; it is well-established that an officer's subjective intent when making an arrest is irrelevant.  *Fisher v. Bureau of Alcohol, Tobacco and Firearms*, 2023 WL 2082552, at *15-16 (W.D.N.Y. 2023).

To the extent Plaintiff alleges that Investigator Black had no authority to arrest her because he is an investigator for the District Attorney's Office, this too does defeat probable cause.  According to New York Criminal Procedure Law § 160.50, an arrest warrant may be executed by any police officer to whom it is addressed, or any other officer delegated to execute it.  Investigators in the office of a district attorney are considered police officers under New York law.  *See* N.Y. Crim. Proc. § 1.20(34)(g).  Here, the arrest warrant is addressed to any police officer in the County of Orleans, which would include Investigator Black.  (*See* Vandermeer Dec., Ex. A).  Plaintiff also alleges Investigator Black had the consent of the Orleans County Sheriff's Department to arrest her.  (Dkt. 45-2, ¶ 23).  The foregoing firmly establishes Investigator Black had authority to arrest Plaintiff.  Even if Investigator Black did not have authority, a violation of state law does not give rise to a § 1983 violation.  *Palacio v. Goord*, 338 Fed. Appx. 37, 38 (2d Cir. 2009) ("a violation of N.Y.C.P.L. § 160.50 does not create a cognizable cause of action under 42 U.S.C. § 1983").

Plaintiff's other argument that Investigator Black should have conducted a "heighted" investigation into Bellavia's accusations is irrelevant and does not invalidate the arrest warrant.  The cases cited by Plaintiff (*Mistretta v. Prokesch*, 5 Supp. 2d 128 (E.D.N.Y. 2018) and *Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 128 (2d Cir. 1991)) involve warrantless arrests when the veracity of a witness is scrutinized in order to determine whether an officer had probable cause to make a warrantless arrest.  Whereas, here, there is already a presumption of probable cause based on the existence of an arrest warrant; the only way probable cause can be defeated is if Plaintiff established fraud, misrepresentation, or falsification of evidence, which she did not do.

Notably, even in the cases cited by Plaintiff, there is nothing that suggests the failure to conduct a "heightened" investigation amounts to a constitutional violation.  In *Mistretta*, the Court noted that an officer <u>may</u>, but is not required to, investigate further if an officer knows about a prior relationship between the victim and the accused that may give rise to a motive for false accusation.  5 F. Supp. 2d at 133.  In the instant matter, even though Investigator Black knew that Bellavia and Plaintiff were divorcing (Dkt. 45-3, p. 5), there are no allegations that he knew the details of their prior relationship or had any reason to doubt Bellavia's veracity.  Plaintiff's argument is essentially that Investigator Black conducted a negligent investigation, which is not a constitutional violation.  *Wright v. Orleans Cnty.*, 2015 WL 5316410, at *21 (W.D.N.Y. 2015), *R&R adopted*, 2015 WL 13660397 (W.D.N.Y. 2015) (negligent investigation is not a basis for § 1983 liability).

This argument further fails because according to the criminal file (Dkt. 45-3), it appears Bellavia's complaints were investigated.  The criminal file includes independent documentation corroborating Bellavia's statements about Plaintiff's conduct.  The criminal

file includes an excerpt from the divorce proceeding wherein the court directed the parties not to communicate with each other, and states that the "Appclose" is only to be used to communicate about visitation, which is consistent with Bellavia's supporting deposition. (*Compare* Dkt. 45-3, p. 42 *with* Dkt. 45-3, p. 20).  The criminal file also contains 48 pages of messages between Bellavia and Plaintiff, corroborating Bellavia's complaint that Plaintiff was harassing him when she repeatedly violated the court's directive that they only communicate through "Appclose" about visitation.  (Dkt. 45-3, pp. 44-92).

In sum, Plaintiff has failed to allege any facts that overcome the existence of probable cause.  Accordingly, her claims should be dismissed.

## POINT II

### The Claims Against Orleans County Remain Futile
### Because Plaintiff Fails to Allege a *Monell* Claim

Plaintiff's claims against Orleans County ("County") are futile because there must be an underlying constitutional violation to state a federal claim against a municipality. *Waite v. Gonzalez*, 2023 WL 2742296, at *8 (E.D.N.Y. 2023) ("*Monell* liability are not independent causes of action; rather, they require the pleading of an underlying constitutional violation.").  As demonstrated above, Plaintiff failed to allege a constitutional violation, therefore her *Monell* claims should be dismissed outright.

Plaintiff's *Monell* claims should also be rejected because the County "is not subject to liability under § 1983 solely on the basis of *respondeat superior*."  *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 121 (1992).  Plaintiff must set forth factual allegations that an official custom or policy caused a constitutional violation.  *U.S. v. Erie Cnty.*, 724 F. Supp. 2d 357, 370-371 (W.D.N.Y. 2010) ("Section 1983 imposes liability on a

municipality when an official custom or policy *causes* an employee to violate an individual's constitutional rights"). The Second Circuit has held that "the mere assertion that a municipality has such a custom or policy is insufficient in the absence of allegations of fact tending to support, at least circumstantially, such an inference." *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995); *see also Houghton v. Cardone*, 295 F. Supp. 2d 268, 278 (W.D.N.Y. 2003) (dismissing excessive force claim against County and Sheriff because "complaint contain[ed] only the most conclusory allegations that the county defendants knew about the officers' alleged misconduct, that they failed to properly supervise or train them, and so on. Not a single *fact* is alleged in support of those allegations").

Here, Plaintiff's allegations are precisely what courts have deemed conclusory and insufficient. *See e.g., Nolan v. Cnty. of Erie*, 2020 WL 1969329, at *11 (W.D.N.Y. 2020) (dismissing Plaintiff's threadbare allegations that the County "had a custom, policy and practice"); *Smith v. Town of Lewiston*, 2020 WL 5237924, at *12 (W.D.N.Y. 2020) ("mere generalized assertions as to the existences of a non-specific custom or policy which will not satisfy the *Monell's* requirements"); *Sandstrom v. New York, et al.*, 2020 WL 3949344, at *21, *R&R adopted*, 2020 WL 1861710, (W.D.N.Y. 2020) (same); *Ruggiero v. Cnty. of Orange*, 2020 WL 5096032, at *11 (S.D.N.Y. 2020) (same). The only allegations relating to a custom or policy are two sentences: "[a]s a direct and proximate result of the unlawful policies and the acts of the defendants described herein, the plaintiff has incurred [damages]" (Dkt. 45-2, ¶ 63) and "[t]he policies and intentional conduct of the defendants in furtherance of a personal and/or political vendetta deprived the plaintiff of her right[s]"

(Dkt. 45-2, ¶ 67).   Neither of these statements contain any *factual* allegations that resemble any type of policy or custom, let alone one that is unconstitutional.

Moreover, Plaintiff only refers to her own incident as support for her purported *Monell* claims.   However, a "single incident is insufficient to raise an inference of the existence of a custom, policy, or practice, as is a mere recitation of a failure to train municipal employees."   *Thomas v. City of New York*, 2015 WL 9412543, at \*2 (E.D.N.Y. 2015); *see Wyatt v. City of Lackawanna*, 2020 WL 4504985, at \*5 (W.D.N.Y. 2020) (dismissing *Monell* claim because "any alleged harm focuses on a single incident, yet the Second Circuit precedent requires more"); *Worrell v. City of New York*, 2014 WL 1224257, at \*12 (E.D.N.Y. 2014) ("[A] single incident of [the plaintiff's] own allegedly negligent investigation is not sufficient to impose municipal liability").

In *Hardy v. Erie Cnty.*, Judge Skretny dismissed a *Monell* claim where the plaintiff insufficiently pled a policy or custom.   2012 WL 1835624, at \*3 (W.D.N.Y. 2012).   Plaintiff in *Hardy* alleged a failure to "assure proper training and supervision of the personnel, or to implement meaningful procedures to discourage lawless official conduct."   *Id.*   The Court held that plaintiff "neither identifie[d] the contours of the purported policy, nor identifie[d] what types of conduct needed to be protected against, or how the policies were to protect against them."   *Id.* at \*3-4.   *Hardy* also noted that, "[a]t best, Plaintiff has identified a single incident of misconduct . . . [which] is not enough to sustain a claim of municipal liability."   *Id.* (citing *Dwares v. City of New York*, 985 F.2d 94, 100 (2d Cir. 1993)).

Finally, the claims against the County should be dismissed to the extent Plaintiff's allegations relate to the actions of the defendants affiliated with the District Attorney's

Office.   "'*Monell* liability attaches only where an infringement of constitutional rights is caused by a local government policy' not some policy attributable to the state."  *Meadows v. Buffalo Police Dept.*, 2023 WL 1109747, at *8 (W.D.N.Y. 2023) (quoting *Bellamy v. City of New York*, 914 F.3d 727, 757 (2d Cir. 2019)).   The Second Circuit has affirmatively held that the prosecutorial functions of a district attorney's office, such as charging someone, are controlled by state policies, not the county.  *Id*.; see *Doe v. Green*, 593 F. Supp. 2d 523, 533 (W.D.N.Y. 2009) (the county "cannot be held liable for the prosecutorial acts of a district attorney, because the DA acts in that capacity on behalf of the state, not the county.").   Thus, any claim against the County that relates to the decision to charge or prosecute Plaintiff must be dismissed because these actions are considered attributable to the state, not the County.   *Meadows*, 2023 WL 1109747, at *8 ("a prosecutor's charging decision is attributable to the state, not the county, and therefore cannot provide the basis for a section 1983 claim against a municipality").

In sum, Plaintiff did not meet her burden of establishing the plausibility of an unconstitutional custom or policy by the County; therefore, all claims against the County must be dismissed.

### POINT III

### Plaintiff Fails to Allege a Malicious Prosecution Claim

As stated above, Plaintiff's malicious prosecution claim must be dismissed because probable cause existed.  Even if the Court considers Plaintiff's allegations, her claim still fails.  In order to allege a malicious prosecution claim, Plaintiff must establish "that the defendant (1) initiated a prosecution against the plaintiff, (2) without probable cause, (3) acted with malice, and that (4) the prosecution terminated in plaintiff's favor."

*Fox v. County of Yates*, 2010 WL 4616665, at *8 (W.D.N.Y. 2010) (citing *Rohman v. New York City Transit Auth.*, 215 F.3d 203, 215 (2d Cir. 2000)).  Additionally, under a § 1983 claim, a plaintiff must show that "there was a 'sufficient post-arraignment liberty restraint to implicate the plaintiff's Fourth Amendment Rights.'"  *Id.*

The malicious prosecution claim is brought against only Investigator Black. However, Investigator Black was not the prosecuting attorney.  (*See* Dkt. 45-3, pp. 13, 31, 36).  Instead, Plaintiff's allegations against Investigator Black center on pre-arraignment actions, including investigating Bellavia's complaint and arresting Plaintiff. These actions are insufficient for personal involvement in the prosecution because Plaintiff's arraignment severed Investigator's Black involvement.  (Dkt. 45-2, ¶ 22). "[O]nce a criminal Defendant has been formally charged, the chain of causation between the officer's conduct and the claim of malicious prosecution is broken by the intervening actions of the prosecutor, thereby abolishing the Officer's responsibility for the prosecution."  *Williams v. City of New York*, 2003 WL 22434151, at *6 (S.D.N.Y. 2003); *see Bernstein v. City of New York*, 2007 WL 1573910, at *6 (S.D.N.Y. 2007) ("the District Attorney's 'intervening' decision to pursue a criminal charge against Plaintiff broke the chain of causation between the alleged unlawful arrest and Plaintiff's subsequent prosecution").  Plaintiff's Amended Complaint does not contain any allegations that Investigation Black had any further involvement with the criminal proceeding after Plaintiff's arrest.  Similarly, there are no allegations that Investigator Black played an active role in the prosecution after Plaintiff was arraigned.  *See Present v. Avon Products, Inc.*, 253 A.D.2d 183 (1st Dept. 1999); *see Hill v. City of New York*, 2007 WL 4592000, at *4 (S.D.N.Y. 2007) (same).

Moreover, Plaintiff failed to sufficiently allege that Investigator Black acted with actual malice.  To satisfy the "actual malice" element, there must be facts that rise to the level of actual malice, i.e., a "deliberate act punctuated with awareness of 'conscious falsity.'"  *Baker v. N.Y.C.* 44 A.D.3d 977, 981 (2d Dept. 2007) (citing *Santoro v. Town of Smithtown*, 40 A.D.3d 736, 738 (2d Dept. 2007)).  Plaintiff's conclusory allegations that the prosecution "was carried out in pursuit of a personal vendetta and without any basis in law or fact and without sufficient factual information" is not sufficient.  (Dkt. 45-2, ¶ 71).  "[M]ore than conclusory, unsubstantiated allegations are necessary" to state a claim for malicious prosecution."  *Hornstein v. Wolf*, 109 A.D.2d 129, 132 (2d Dept. 1985).  Accordingly, Plaintiff's malicious prosecution claim should be dismissed.

## POINT IV

### Plaintiff's Equal Protection Claim is Wholly Conclusory

The only claim against the County Defendants that Plaintiff brings pursuant to the Fourteenth Amendment is one for equal protection.  As stated above, probable cause bars her claim.  Even if the Court considers Plaintiff's allegations, which it should not, her equal protection claim still fails.  Plaintiff uses the term "equal protection" without clarity as to whether she is asserting a "selective enforcement" or "class of one."  Instead, Plaintiff simply alleges "[t]he policies and intentional conduct of the defendants in furtherance of a personal and/or political vendetta deprived the plaintiff of her right to equal protection of the laws."  (Dkt. 45-2, ¶ 67).  This allegation is woefully insufficient to plead an equal protection claim under either standard.

"To maintain a selective enforcement claim, plaintiffs must plead that: "(1) they were 'treated differently from other similarly situated' [persons] and (2) this 'differential

treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person.'" *Butler v. City of Batavia*, 323 Fed. Appx. 21, 22 (2d Cir. 2009) (quoting *Cine SK8, Inc. v. Town of Henrietta*, 507 F.3d 778, 790 (2d Cir. 2007)).  On the other hand, to successfully assert a "class of one" claim, Plaintiff must allege that she has "been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment."  *Ruston v. Town Bd. for the Town of Skaneateles*, 610 F.3d 55, 58 (2d Cir. 2010) (quoting *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)).

Here, Plaintiff has not identified any similarly situated others that she was treated differently from or how she was treated differently.  Plaintiff has also failed to allege that she belongs to an identifiable or suspect class.  *See Giano v. Senkowski,* 54 F.3d 1050, 1057 (2d Cir. 1995) ("To prove [a traditional] equal protection violation, claimants must prove purposeful discrimination directed at an identifiable or suspect class.").  As a result, Plaintiff's equal protection claim must be dismissed because she failed to plead any facts necessary to assert a "selective enforcement" or "class of one" equal protection claim.

## POINT V

### The Individual County Defendants Are Entitled to Immunity

#### A. Eleventh Amendment Immunity Applies.

Aside from being named in the lawsuit, there are virtually no allegations against the District Attorney.  Therefore, he should be dismissed for lack of personal involvement. Even if he was involved, the District Attorney is entitled to Eleventh Amendment immunity

for any claims brought against him in his official capacity.[5]   Courts hold that, "[w]hen prosecuting a criminal matter, a district attorney in New York State, acting a quasi-judicial capacity, represents the State not the county" and is therefore entitled to Eleventh Amendment immunity.  *Peters v. City of Buffalo*, 848 F. Supp. 2d 378, 384 (W.D.N.Y. 2012) (internal quotations omitted).   Similarly, Investigator Black is also entitled to Eleventh Amendment immunity for any claim brought in his official capacity given Plaintiff alleges that he is an employee of the District Attorney's Office.

### B. Absolute Immunity Applies to the District Attorney and Investigator Black.

The District Attorney is also entitled to absolute immunity for any claims in his individual capacity.  *Doe v. Green*, 593 F. Supp. 2d 523, 530 (W.D.N.Y. 2009) (extending prosecutorial immunity to claims against prosecutors in their individual capacity).  "It is by now well established that 'a state prosecuting attorney who acted within the scope of his duties in initiating and pursuing a criminal prosecution is immune from civil suit for damages under § 1983.'"  *Dettelis v. Cnty. of Cattaraugus*, 2016 WL 1729554, at *3 (W.D.N.Y. 2016), *R&R adopted*, 2016 WL 1728771 (2016) (quoting *Shmueli v. City of New York*, 424 F.3d 231, 236 (2d Cir. 2005)).  Prosecutors are absolutely immune for, *inter alia*: (1) decisions to initiate prosecutions, even where probable cause is lacking, (2) malicious prosecution, presentations of false evidence to a jury, or conspiracy; and (3) prosecutions allegedly motivated by political or improper motives.   *See Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) (extending immunity to decisions to prosecute); *Bernard v. Cnty. of Suffolk*, 356 F.3d 495, 502-503 (2d Cir. 2004) (extending immunity to

---

[5] Plaintiff does not clearly identify to which capacity her claims are addressed against the individual defendants.   Therefore, for purposes of this motion, the County Defendants address both capacities.

conduct before grand jury and claims of improper motives); *Moye v. City of New York*, 2012 WL 2569085 at *10 (holding ADA entitled to immunity "whether founded on theories of malicious prosecution,…fabricated evidence, conspiracy, or intentional or negligent infliction of emotional distress").

Absolute immunity also extends to Investigator Black, who Plaintiff alleges works for the District Attorney's Office.  "A nonjudicial officer, such as an investigator for the district attorney's office, who undertakes ministerial actions intimately related to the judicial process at the express direction and control of the prosecutor, enjoys absolute immunity."  *Doe v. Smith*, 704 F. Supp. 1177, 1185 (S.D.N.Y. 1988).

## C. Qualified Immunity Applies to Investigator Black.

In the event the Court determines Investigator Black is not entitled to absolute immunity, he would be entitled to qualified immunity.  Qualified immunity is an affirmative defense that shields government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  *McCardle v. Haddad*, 131 F.3d 43, 50 (2d Cir. 1997) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).  Qualified immunity shields a defendant from standing trial or facing other burdens of litigation "if either (a) the defendant's action did not violate clearly established law, or (b) it was objectively reasonable for the defendant to believe that his action did not violate such law." *Johnson v. Newburgh Enlarged Sch. Dist.*, 239 F.3d 246, 250 (2d Cir. 2001).  Official conduct violates clearly established law "when, at the time of the challenged conduct, the contours of a right are sufficiently clear that every reasonable official would have understood that

what he is doing violates that right."  *Batt v. Buccilli*, 2017 WL 1190487, at *5 (W.D.N.Y. 2017) (citations and internal quotation marks omitted).

If for some reason the Court believes that the conduct alleged somehow gives rise to a constitutional violation, Investigator Black is entitled to dismissal as no reasonable actor would have been on notice that his actions constituted a constitutional violation.

**POINT VI**

**Plaintiff's Allegations Do Not Describe a § 1983 Conspiracy**

In a desperate attempt to connect the County Defendants to Bellavia, Plaintiff vaguely claims Investigator Black engaged in a conspiracy with a John Doe and Bellavia to arrest her in pursuit of an unexplained personal/political vendetta.  (Dkt. 1, ¶ 74).  Such outlandish accusations do not constitute a conspiracy, nonetheless one that is actionable under § 1983.

To state a § 1983 conspiracy claim, "a plaintiff must allege: (1) an agreement between two or more actors (at least one a state actor); (2) to act in concert to cause an unconstitutional injury; and (3) an overt act done in furtherance of that agreement, causing damages."  *Ocasio v. City of Canandaigua*, 2021 WL 115509, at *6 (W.D.N.Y. 2021) (citing *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 324-25 (2d Cir. 2002)).  "In setting forth the claim, a plaintiff must make an "effort to provide some details of time and place and the alleged effects of the conspiracy..."  *Id*. (quoting *Ivery v. Baldauf*, 284 F.Supp.3d 426, 439 (W.D.N.Y. 2018)).  Vague, conclusory and general allegations of a conspiracy, such as the allegations at bar, are insufficient to state a claim under § 1983. *See Ciambriello,* 292 F.3d at 324.

18

As stated above, Plaintiff has not plausibly established the violation of a constitutional right by the County Defendants.  Without an underlying constitutional violation, Plaintiff's § 1983 conspiracy claim obviously fails.  *Chan v. City of New York*, 2023 WL 2734681, at *6 (E.D.N.Y. 2023) ("a plaintiff alleging a § 1983 conspiracy claim must prove an actual violation of constitutional rights") (quoting *Knopf v. Esposito*, 803 F. Appx. 448, 453 (2d Cir. 2020)).  Furthermore, the Amended Complaint contains only vague and conclusory allegations of a § 1983 conspiracy and offers no specific explanation as to how Investigator Black conspired to deprive Plaintiff of any purported right.  Plaintiff merely echoes the elements of a § 1983 conspiracy, which fails to state a plausible claim.  *Christian v. Town of Riga*, 649 F. Supp. 2d 84, 100 (W.D.N.Y. 2009) ("They do not offer sufficient factual details regarding an agreement among defendants to violate the civil rights of plaintiff, or anyone else.  Rather, they constitute the type of "vague, conclusory, and general" allegations that, standing alone, are routinely found lacking under the Rule 12(b)(6) standard.").

Plaintiff fails to allege how or when Investigator Black entered into a conspiratorial agreement with Bellavia.  She fails to specifically allege any communication, meeting of the minds, or cooperative effort which took place (prior to or during Plaintiff's arrest) between Investigator Black, John Doe, and Bellavia.  Plaintiff does not allege what agreement was allegedly made.  Consequently, Plaintiff's § 1983 conspiracy claim is patently deficient and should be dismissed against Investigator Black.

**POINT VII**

**The Orleans County Sheriff's Office Is Not Capable of Being Sued**

"[U]nder New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality, and therefore, cannot sue or be sued." *Davis v. Lynbrook*, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002). Sheriff's Offices are conclusively considered an "administrative arm" of the municipality and cannot be sued. *Long v. Cnty. of Orleans*, 540 F. Supp. 3d 344, 350 (W.D.N.Y. 2021) (dismissing Orleans County Sheriff's Office because it is an administrative arm) *Wright v. Orleans Cnty.*, 2015 WL 5316410, *7 (W.D.N.Y. 2015) (same); *Roberites v. Huff*, 2012 WL 1113479, at *7 (W.D.N.Y. 2012) ("Livingston County Sheriff's Department is an administrative arm of the County, without a legal identity separate and apart from the County, and thus lacks the capacity to be sued."). Accordingly, the Orleans County Sheriff's Office must be dismissed.

**POINT VIII**

**Any Claim for Punitive Damages Must be Dismissed**

To the extent Plaintiff seeks punitive damages, they are not available against municipalities. In *City of Newport v. Fact Concerts*, the United States Supreme Court held that a municipality is immune from punitive damages in a claim brought under § 1983. 453 U.S. 247, 263-71 (1981). In *Dininny v. Trentanelli*, this Court recognized that, under *City of Newport*, "punitive damages would not be available from the municipality" for the direct or official capacity claims. 2010 WL 5343180, at *10 (W.D.N.Y. 2010). Accordingly, any demand for punitive damages must be stricken.

**CONCLUSION**

For the reasons set forth above, the County Defendants respectfully request that Plaintiff's Motion to Amend by denied, and the County Defendants' Motion to Dismiss be granted in its entirety, and for such other and further relief deemed appropriate by the Court.


Dated:        July 19, 2023

WEBSTER SZANYI LLP
Attorneys for Defendants
Orleans County, Orleans County Sheriff's
Department, Orleans County District Attorney,
Corey Black

By:    s/Shannon B. Vandermeer
        Shannon B. Vandermeer
424 Main Street, Suite 1400
Buffalo, New York 14202
(716) 842-2800
svandermeer@websterszanyi.com

21