UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DEANNA MARLENE BELLAVIA aka
DEANNA KING,

                Plaintiff,

vs.

ORLEANS COUNTY, ORLEANS COUNTY SHERIFF'S
DEPARTMENT, ORLEANS COUNTY DISTRICT
ATTORNEY, COREY BLACK, DEPUTY JOHN DOE,
and DAVID BELLAVIA,

                Defendant.

**Case No.: 22-CV-842**

# MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIF'S MOTION TO AMEND HER COMPLAINT

Dated: July 19, 2023

WOODS OVIATT GILMAN LLP
Donald W. O'Brien, Jr., Esq.
*Attorneys for Defendant*
  *David Bellavia*
1900 Bausch and Lomb Place
Rochester, New York 14604
585.987.2800
dobrien@woodsoviatt.com

William F. Savino, Esq.
*Attorneys for Defendant*
  *David Bellavia*
1900 Main Place Tower
350 Main Street
Buffalo, New York 14202
716.248.3200
wsavino@woodsoviatt.com

{9270026: }

## TABLE OF CONTENTS

                                                                             **Page**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT .......................................................................................... 1

ARGUMENT ........................................................................................................................ 1

     POINT I      THE PLAINTIFF'S PROPOSED AMENDED COMPLAINT
                            STILL FAILS TO STATE A CLAIM AGAINST DEFENDANT
                            DAVID BELLAVIA UPON WHICH RELIEF CAN BE GRANTED ............. 1

     POINT II     THE PLAINTIFF CANNOT DEMONSTRATE THAT
                            DEFENDANT DAVID BELLAVIA CONSPIRED TO VIOLATE
                            HER CONSTUTIONAL RIGHTS ................................................................... 3

CONCLUSION ..................................................................................................................... 5

## TABLE OF AUTHORITIES

**Cases:**

Page(s)

*Simms v. Village of Albion,*
    115 F. 3d 1098 (2d Cir. 1997)............................................................................................2

*Golino v. New Haven,*
    950 F. 2d 864 (2d Cir. 1991)..........................................................................................2, 3

*Ousmane Bah v. Apple Inc.,*
    2021 U.S. Dist. LEXIS 170203 (S.D.N.Y., September 8, 2021)........................................2

*Thomsen v. County of Erie,*
    2006 U.S. Dist. LEXIS 5401 (W.D.N.Y., January 26, 2006)............................................3

*Norwood v. Mason,*
    2013 U.S App. LEXIS 9665 (2d Cir., May 14, 2013) ......................................................3

*Walczyk v. Rio,*
    496 F. 3d 139 (2d Cir. 2007).............................................................................................3

*United States v. Smith,*
    9 F. 3d 1007 (2d Cir. 1993)...............................................................................................3

*Soares v. Connecticut,*
    8 F. 3d 917 (2d. Cir. 1993)................................................................................................3

*Franks v. Delaware,*
    438 U.S. 154 (1978)..........................................................................................................3

*Powell v. City of Jamestown,*
    2022 U.S. Dist. LEXIS 99749 (W.D.N.Y., June 3, 2022) .................................................4

*Harrison v. New York,*
    95 F. Supp. 3d 293 (E.D.N.Y. 2015) ................................................................................4

**Other Authorities:**

42 U.S.C. § 1983..................................................................................................................4

42 U.S.C. § 1985..................................................................................................................4

PRELIMINARY STATEMENT

This Memorandum of Law is submitted in opposition to the motion of the Plaintiff, Deanna Marlene Bell aka Deanna King ("Ms. King") filed on behalf of Defendant, David Bellavia ("Mr. Bellavia"), in opposition to Ms. King's motion to amend her complaint.

This is the second motion made by Ms. King to amend her complaint. Her first attempt, [Docket No. 27] made during the pendency of Mr. Bellavia's motion to dismiss the original complaint, was denied by the Hon. John L. Sinatra U.S.D.J. on March 22, 2023 [Docket No. 37], consistent with the Report, Recommendation and Order of this Court on January 25, 2023 [Docket No. 29].

Mr. Bellavia respectfully submits that the proposed amended complaint does nothing to address, much less correct, the deficiencies which doomed the original complaint. More important, during the intervening months, the parties were able to obtain the records from the underlying state court criminal proceeding which only make clear that Ms. King does not have a cognizable claim against Mr. Bellavia (or the other defendants) because she cannot establish that the authorities lacked probable cause to arrest her.

ARGUMENT

POINT I

**THE PLAINTIFF'S PROPOSED AMENDED COMPLAINT STILL FAILS TO STATE A CLAIM AGAINST DEFENDANT DAVID BELLAVIA UPON WHICH RELIEF CAN BE GRANTED**

The sole claim asserted against Mr. Bellavia in the proposed amended complaint is the fourth cause of action for conspiracy.[1] Mr. Bellavia is not a state actor but a private party and the only way he can be dragged into this case brought to seek redress for the alleged violation of

---

[1] It appears as if Ms. King's attorneys intended to reference a statute pursuant to which this claim was advanced but no actual statute is cited. ("Conspiracy under § as Against Defendants Corey Black, John Doe and David Bellavia").

{9270026: }

Ms. King's constitutional rights is to establish that Mr. Bellavia somehow "conspired" with the municipal defendants.  Paragraph 75 of the proposed amended complaint reads as follows:

> The conduct of the defendants Corey Black, John Doe and David Bellavia constituted conspiracy to violate Plaintiff's constitutional rights because the aforesaid defendants agreed to act together to effectuate Plaintiff's arrest, in pursuit of personal and/or political vendetta, to inflict constitutional injuries upon Plaintiff, and by act of knowingly *causing her to be arrested and prosecuted without probable cause.*

[Docket No. 45-2] (emphasis added).  Thus, the *sine qua non* of Ms. King's claim against Mr. Bellavia is her claim that he caused her to be arrested and prosecuted without probable cause. If there was probable cause to arrest her, then this claim fails as a matter of law.

Attached to the accompanying declaration of Donald W. O'Brien, Jr., Esq. as Exhibit "1" is a copy of the arrest warrant which served as the basis for Ms. King's arrest and subsequent prosecution.  It was issued by the Town of Ridgeway Town Court and signed by the Town Justice for the Town of Ridgeway, Joseph Kujawa.[2]  For purposes of this motion, Judge Kujawa is considered a "neutral magistrate" because is a member of the judiciary, not law enforcement.  The fact that the arrest warrant which served as the basis for Ms. King's arrest is fatal to her claims because it gives rise to a presumption that probable cause for her arrest did exist and that presumption is not rebutted by anything she has alleged or could prove.

> Qualified immunity shields police officers rom liability for actions they took within the authority ostensibly conferred by the arrest warrants. *Simms v. Village of Albion,* 115 F. 3d 1098, 1106 (2d Cir. 1997) ("a police officer who relies in good faith…upon a finding of probable cause is presumptively shielded by qualified immunity from personal liability for damages."). Similarly, the issuance of a search warrant by a neutral magistrate, which depends on a finding of probable cause, created a presumption that it was objectively reasonable for officers to believe that there was probable cause. *Golino v. New Haven,* 950 F. 2d 864, 870 (2d Cir. 1991) (citations omitted).

---

[2] This Court can take judicial notice of "public records such as arrest reports, indictments and criminal disposition data." *Ousmane Bah v. Apple Inc.,* 2021 U.S. Dist. LEXIS 170203 at *23 (S.D.N.Y., September 8, 2021).

*Thomsen v. County of Erie,* 2006 U.S. Dist. LEXIS 5401 at \*\* 23-24 (W.D.N.Y., January 26, 2006). *See also, Norwood v. Mason,* 2013 U.S App. LEXIS 9665 at \*\*3-4 (2d Cir., May 14, 2013); *Walczyk v. Rio,* 496 F. 3d 139, 155-56 (2d Cir. 2007).

This presumption is not easily rebutted. A reviewing court should pay great deference to the determination of a neutral magistrate that probable cause existed to issue a warrant. *United States v. Smith,* 9 F. 3d 1007, 1012 (2d Cir. 1993). "[A] plaintiff who argues that a warrant was issued on less than probable cause faces a heavy burden." *Golino, supra,* at 870. To overcome this presumption, a plaintiff must show that the officer who submitted the probable cause documentation "knowingly and intentionally, or with reckless disregard for the truth, made a false statement in his affidavit or omitted material information, and that such false or omitted information was necessary for the finding of probable cause." *Soares v. Connecticut,* 8 F. 3d 917, 920 (2d. Cir. 1993), *citing, Franks v. Delaware,* 438 U.S. 154, 155-56 (1978). Here, the complaint contains no such allegation and, even if it did, the underlying criminal case records do not support such a claim.

**POINT II**

**THE PLAINTIFF CANNOT DEMONSTRATE THAT DEFENDANT DAVID BELLAVIA CONSPIRED TO VIOLATE HER CONSTUTIONAL RIGHTS**

Ms. King's proposed amended complaint, like her original complaint, fails to satisfy the requisite pleading standard with respect to its allegations of a conspiracy. For example, paragraphs 22 and 46 do little more than note Mr. Bellavia's friendship with Defendant Corey Black. Assuming that is true, it does not demonstrate anything sinister or tend to establish a conspiracy to violate Ms. King's constitutional rights [Docket No. 10-1, pp. 3-4]. Paragraphs 38 and 44 allege that Mr. Bellavia provided information to law enforcement which is also not surprising since he

was the complainant [Docket No. 10-1, pp. 4]. Paragraph 54 indicates that Mr. Bellavia was in contact with law enforcement concerning the matters he had brought to their attention which, again, is routine contact to be expected in such matters [Docket No. 10-1, pp. 3-4]. The paragraph which purports to address Mr. Bellavia's participation in the alleged conspiracy is paragraph 75 which is a wholly conclusory allegation which "will not suffice to state a conspiracy claim under either 42 U.S.C. § 1983 or § 1985." *Powell v. City of Jamestown,* 2022 U.S. Dist. LEXIS 99749 at *52 (W.D.N.Y., June 3, 2022).

> The Courts have understandably subjected complaints like the one in this case to scrutiny:

>> The need to guard against the use of conclusory allegations of conspiracy in the context of Section 1983 lawsuits against private actors is particularly compelling. If a plaintiff could overcome a motion to dismiss simply by alleging in a conclusory fashion a "conspiracy" between private actors and state actors, these private actors would be subjected to the substantial cost and disruption incurred by litigants in the discovery phase of these lawsuits, without any indication whatsoever that the plaintiff has a "plausible" conspiracy claim. As the Second Circuit has emphasized, these conspiracy claims are "so easily made and can precipitate such protracted proceedings with such disruption of governmental functions" that "detailed fact pleading is required to withstand a motion to dismiss."

*Harrison v. New York,* 95 F. Supp. 3d 293, 323-24 (E.D.N.Y. 2015) (citations omitted). In *Harrison,* the Plaintiff sued state actors and private parties under 42 U.S.C. § 1983 for violations of his Fourth, Fifth, Sixth and Fourteenth Amendment rights based on his arrest and prosecution for possession of a forged instrument, in this case, counterfeit currency. The private parties were the corporate owners of a Marshall's department store and two of its employees. Following the employees' identification of the Plaintiff as the person who passed the currency, and his subsequent arrest and prosecution, Plaintiff experienced difficulties retaining counsel but the charges were

ultimately dismissed. Like Ms. King in this case, the Plaintiff in *Harrison* alleged that the private parties acted in concert with law enforcement to violate his constitutional rights.

## CONCLUSION

For the reasons set forth above, Mr. Bellavia respectfully requests that the Court deny Ms. King's motion to amend her complaint without leave to replead. Ms. King's motion papers and her proposed amended complaint only demonstrate that her complaint is insufficient as a matter of law because it fails to state a claim for conspiracy to violate her constitutional rights.

Dated: July 19, 2023  
Rochester, New York

**WOODS OVIATT GILMAN LLP**

By: /s/ Donald W. O'Brien
Donald W. O'Brien, Jr., Esq.
*Attorneys for Defendant*
  *David Bellavia*
1900 Bausch and Lomb Place
Rochester, New York 14604
585.987.2800
dobrien@woodsoviatt.com

William F. Savino, Esq.
*Attorneys for Defendant*
  *David Bellavia*
1900 Main Place Tower
350 Main Street
Buffalo, New York 14202
716.248.3200
wsavino@woodsoviatt.com

To: Nathan McMurray, Esq.
Arthur Z. Schwartz, Esq.
Advocates for Justice,
  Chartered Attorneys
225 Broadway, Suite 225
New York, New York 10007
212.285.1400
aschwartz@afjlaw.com

Shannon B.Vandermeer, Esq.
Webster Szanyi LLP
424 Main Street, Suite 1400
Buffalo, New York 14202
(716) 842-2800
svandermeer@websterszanyi.com