UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DEANNA MARLENE BELLAVIA aka
DEANNA KING,

                              Plaintiff,

v.                                                     Civ. No.: 1:22-cv-00842-JLS

ORLEANS COUNTY, ORLEANS COUNTY
SHERIFF'S DEPARTMENT, ORLEANS COUNTY
DISTRICT ATTORNEY, COREY BLACK,
DEPUTY JOHN DOE, and DAVID BELLAVIA,

                              Defendants.
_____

**REPLY MEMORANDUM OF LAW IN
FURTHER SUPPORT OF
<u>DEFENDANTS' MOTION TO DISMISS</u>**

 

W<small>EBSTER</small> S<small>ZANYI</small> LLP
 Attorneys for Defendants
 Orleans County, Orleans County Sheriff's
 Department, Orleans County District Attorney,
 Corey Black
Shannon B. Vandermeer
424 Main Street, Suite 1400
Buffalo, New York 14202
(716) 842-2800
svandermeer@websterszanyi.com

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 1

    POINT I ............................................................................................................................. 1

        Plaintiff Failed to Set Forth a Substantial Showing of Misrepresentation to Overcome the Arrest Warrant ........................................................................... 1

    POINT II ............................................................................................................................ 6

        Plaintiff Failed to Set Forth a Basis for Liability Against the County ........... 6

    POINT III .......................................................................................................................... 7

        Plaintiff's Conspiracy Claim Remains Deficient ........................................... 7

    POINT IV .......................................................................................................................... 8

        Plaintiff Concedes and Abandons Several Arguments .................................. 8

    POINT V ............................................................................................................................ 9

        Qualified Immunity Still Bars Plaintiff's Claims .......................................... 9

CONCLUSION ............................................................................................................................ 10

# **TABLE OF AUTHORITIES**

**CASES**

*Christian v. Town of Riga*,
649 F. Supp. 2d 84 (W.D.N.Y. 2009).................................................................................. 10

*Ciambriello v. Cnty. of Nassau*,
292 F.3d 307 (2d Cir. 2002).................................................................................................. 10

*Clarke v. Antonini*,
2022 WL 4387357 (S.D.N.Y. 2022) ...................................................................................... 9

*Dangler v. New York City Off Track Betting Corp.*,
193 F.3d 130 (2d Cir. 1999).................................................................................................... 2

*Davidson v. Desai*,
817 F. Supp. 2d 166 (W.D.N.Y. 2011)................................................................................ 10

*Ganek v. Leibowitz*,
874 F.3d 73 (2d Cir. 2017)...................................................................................................... 3

*Gleis v. Buehler*,
374 Fed.Appx. 218 (2d Cir. 2010) ........................................................................................ 1

*Greene v. City of New York*,
742 Fed. Appx. 532 (2d Cir. 2018) ...................................................................................... 9

*Griffin v. Delvecchio*,
2016 WL 3232260 (W.D.N.Y. 2016).................................................................................... 9

*Harig v. City of Buffalo*,
574 F. Supp. 3d 163 (W.D.N.Y. 2021) ................................................................................ 5

*Harper v. City of New York*,
424 Fed. Appx. 36 (2d Cir. 2011)......................................................................................... 8

*Harris v. Swaggard*,
2022 WL 563187 (W.D.N.Y. 2022) ...................................................................................... 3

*Lacey v. Yates Cnty.*,
30 F. Supp. 3d 213 (W.D.N.Y. 2014)................................................................................... 7

*Lanning v. City of Glens Falls*,
2017 WL 922058 (N.D.N.Y. 2017) ................................................................................ 4

*Martinez v. Simonetti*,
202 F.3d 625 (2d Cir. 2000) ........................................................................................ 11

*Ocasio v. City of Canandaigua*,
2021 WL 115509 (W.D.N.Y. 2021) ............................................................................... 9

*Panetta v. Crowley*,
460 F.3d 388 (2d Cir. 2006) .......................................................................................... 6

*United States v. Powell*,
634 F. Supp. 3d 48 (E.D.N.Y. 2022)……………………………………………………..1

*Rheingold v. Harrison Town Police Dept.*,
568 F. Supp. 2d 384 (S.D.N.Y. 2008) ........................................................................... 6

*Rubert v. Vill. of Monticello*,
2020 WL 176982 (S.D.N.Y. 2020); ............................................................................... 1

*Scalpi v. Town of East Fishkill*,
2016 WL 858916 (S.D.N.Y. 2016) ................................................................................ 8

*Simmons v. N.Y.C. Police Dept.*,
97 F. App'x 341 343 (2d Cir. 2004) .............................................................................. 3

*Tortora v. City of New York*,
2019 WL 9100369 (E.D.N.Y. 2019) .............................................................................. 4

*United States v. Cancelmo*,
64 F.3d 804 (2d Cir. 1995) ............................................................................................ 6

*United States v. Fama*,
758 F.2d 834 (2d Cir. 1983) .......................................................................................... 6

*Velardi v. Walsh*,
40 F.3d 569 (2d Cir. 1994) ............................................................................................ 3

*Walczyk v. Rio*,
496 F.3d 139 (2d Cir. 2007) .......................................................................................... 1

*Weiner v. McKeefery*,
90 F. Supp. 3d 17 (E.D.N.Y. 2015) .................................................................................. 5

*Williams v. City of New York*,
2003 WL 22434151 (S.D.N.Y. 2003) ............................................................................ 11

*Worrell v. City of New York*,
2014 WL 1224257 (E.D.N.Y. 2014) ............................................................................... 8

*Wyatt v. City of Lackawanna*,
2020 WL 4504985 (W.D.N.Y. 2020) .............................................................................. 7

**STATUTES**

N.Y. Penal Law §§ 240.30(2), 240.26(3) ........................................................................ 4

**PRELIMINARY STATEMENT**

Plaintiff's motion to file an Amended Complaint should be denied and the matter should be dismissed. Plaintiff's opposition fails to meaningfully address any of the grounds warranting dismissal. Plaintiff makes legally incorrect arguments and relies on conclusory statements. None of Plaintiff's arguments are sufficient to withstand dismissal. Defendants' motion to dismiss should be granted in its entirety.

**ARGUMENT**

**POINT I**

**Plaintiff Failed to Set Forth a Substantial Showing of Misrepresentation to Overcome the Arrest Warrant**

Plaintiff does not dispute that the existence of the arrest warrant signed by Judge Kujawa is presumptive proof of probable cause barring her claims. *Gleis v. Buehler*, 374 Fed.Appx. 218, 220 (2d Cir. 2010) (citing *Walczyk v. Rio*, 496 F.3d 139, 155-56 (2d Cir. 2007). She also does not dispute that to overcome a valid arrest warrant, she had to sufficiently plead facts that suggest the warrant was based on fraud, misrepresentation, or falsification of evidence, and that the information was *material* to the finding of probable cause. *Rubert v. Vill. of Monticello*, 2020 WL 176982, at *4 (S.D.N.Y. 2020); *see also United States v. Powell*, 634 F. Supp. 3d 48, 53 (E.D.N.Y. 2022) ("'material' means that 'the alleged falsehoods or omissions were necessary to the [issuing] judge's probable cause finding.'") (internal citations omitted). She failed to do so.

Nowhere in Plaintiff's Complaint or the proposed Amended Complaint does she allege the warrant was procured by fraud, misrepresentation, or falsification of evidence. Plaintiff effectively concedes none of the information was fraudulent or falsified. Now, in opposition to Defendants' motion to dismiss, Plaintiff focuses on information allegedly

1

omitted in the warrant application. Plaintiff argues, without any legal authority or factual support, that the arrest warrant should be set aside because Judge Kujawa would not have issued an arrest warrant if he knew about Investigator Black's purported friendship with David Bellavia ("Bellavia"), that Bellavia and the Plaintiff were involved in a contentious divorce, or that Plaintiff's communications with Bellavia were subjectively innocent. These conclusory statements were not alleged in the Complaint or proposed Amended Complaint as a basis to invalidate the arrest warrant, and they should not be considered now in opposition to Defendants' motion to dismiss. *Dangler v. New York City Off Track Betting Corp.*, 193 F.3d 130, 138 (2d Cir. 1999). Even if the Court considers them, these purported omissions are <u>not</u> material to a finding of probable cause, and are insufficient to overcome the valid arrest warrant as explained below.

When assessing whether alleged omissions would be necessary to a judge finding probable cause when a warrant is issued, the Second Circuit has stated that courts "consider a hypothetical corrected affidavit, produced by deleting any alleged misstatements from the original warrant affidavit and adding to it any relevant omitted information." *Ganek v. Leibowitz*, 874 F.3d 73, 82 (2d Cir. 2017). An omission is considered material only if probable cause is lacking after such correction. *Velardi v. Walsh*, 40 F.3d 569, 573 (2d Cir. 1994) ("disputed issues are not material if, after crossing out any allegedly false information and supplying any omitted facts, the 'corrected affidavit' would have supported a finding of probable cause."). Specifically, if the alleged omitted information is not relevant to probable cause under controlling substantive law, then it is immaterial. *Velardi*, 40 F.3d at 574 ("[t]he legal component depends on whether

2

the information is relevant to the probable cause determination under controlling substantive law.").

Applied here, Plaintiff's main argument that Investigator Black should have disclosed his purported friendship with Bellavia in the warrant application is legally irrelevant to probable cause. Plaintiff is in essence claiming that Judge Kujawa should have been made aware of Investigator Black's alleged motive or bias in pursuing the criminal charges against her. This type of argument has been repeatedly rejected by courts; it is insufficient to rebut probable cause because "probable cause is an objective matter that does not depend on the subjective biases of the arresting officer." *Simmons v. N.Y.C. Police Dept.*, 97 F. App'x 341, 343 (2d Cir. 2004); *see Harris v. Swaggard*, 2022 WL 563187, at *4 (W.D.N.Y. 2022) (rejecting Plaintiff's argument that arresting officer had a clear bias in his arrest); *Tortora v. City of New York*, 2019 WL 9100369, at *17 (E.D.N.Y. 2019), *aff'd*, 804 F. App'x 35 (2d Cir. 2020) ("Detective Danzinger's alleged personal relationship with Mrs. Curulli is irrelevant to the Court's probable cause analysis"); *Lanning v. City of Glens Falls*, 2017 WL 922058, at *5 (N.D.N.Y. 2017), *aff'd*, 908 F.3d 19 (2d Cir. 2018) ("Ms. Lanning's relationship with Detective's Conine's former partner is insufficient to rebut the presumption of probable cause."). Investigator Black's purported relationship with Bellavia has no legal impact on the issuance of the arrest warrant and should be disregarded.[1]

---

[1] Plaintiff also generally states that Investigator Black failed to disclose how he allegedly received a telephone call from Bellavia. This statement should also be disregarded for the same reason. It is yet another allegation relating to Investigator Black's alleged bias, which is irrelevant to probable cause. The same is true for Plaintiff's assertion that Bellavia threatened her with arrest—this assertion does not even have anything to do with Investigator Black.

3

Plaintiff's other argument that Judge Kujawa should have been informed of the contentious divorce between Bellavia and Plaintiff does not appear to have been omitted nor does it have any impact on the arrest warrant. At the outset, it appears Judge Kujawa was aware of their divorce based on the accusatory instruments referenced in the arrest warrant. (*See* Dkt. 48-2; Dkt. 45-3, pp. 7-10). The accusatory instruments state that Bellavia's statement was attached. (Dkt. 45-3, pp. 7-8). The first sentence in Bellavia's statement is that he is divorcing Plaintiff and provides details about it. (Dkt. 45-3, pp. 9-10). These documents plainly refute Plaintiff's assertion that Judge Kujawa would not have issued the arrest warrant if he knew about the divorce.

Even if the divorce was not disclosed to Judge Kujawa and is now considered, Plaintiff does not offer any case law that states this piece of information would be critical under controlling substantive law to a finding of probable cause for the two harassment charges (N.Y. Penal Law §§ 240.30(2), 240.26(3)). A contentious divorce is irrelevant when assessing the elements to the harassment charges. Bellavia provided a sworn statement, under the penalties of perjury, describing Plaintiff's communications and how they were harassing him. (Dkt. 45-3, p. 9). This is enough to support probable cause. *Harig v. City of Buffalo*, 574 F. Supp. 3d 163, 190 (W.D.N.Y. 2021), *aff'd*, 2023 WL 3579367 (2d Cir. 2023) ("an arresting officer advised of a crime by a person who claims to be the victim, and who has signed a complaint or information charging someone with the crime, has probable cause to effect an arrest") (internal citations omitted). Moreover, "police officers are permitted to rely upon eyewitness testimony even in the context of a marital dispute." *Weiner v. McKeefery*, 90 F. Supp. 3d 17, 30 (E.D.N.Y. 2015) ("the fact that a victim may be entangled in a domestic dispute does not, in and of itself, undermine

the victim's veracity"); *see Rheingold v. Harrison Town Police Dept.*, 568 F. Supp. 2d 384, 390 (S.D.N.Y. 2008) (same). There is nothing about the Plaintiff's divorce that is considered critical to a finding of probable cause under controlling legal authority.

Lastly, Plaintiff's argument that there is an innocent explanation for her communications, which Judge Kujawa should have considered, is inconsequential to probable cause. Significantly, Plaintiff does not allege that Investigator Black even knew about her purported innocent explanation at the time the arrest warrant was issued. Her suggestion that he withheld this information from Judge Kujawa is entirely speculative. Even if Investigator Black did know and failed to disclose it, the Second Circuit has affirmatively stated that "[t]he fact that an innocent explanation may be consistent with the facts alleged … does not negate probable cause." *Panetta v. Crowley*, 460 F.3d 388, 395-396 (2d Cir. 2006) (quoting *United States v. Fama*, 758 F.2d 834, 838 (2d Cir. 1983)). Accordingly, Plaintiff's self-proclaimed innocence is not recognized under controlling authority as a material omission, and is legally insufficient to overcome the arrest warrant.[2] *See United States v. Cancelmo*, 64 F.3d 804, 808 (2d Cir. 1995) ("[a]lthough the conversations may have had an innocent meaning, it can hardly be said that the agents' interpretations were unreasonable or implausible").

As exemplified above, none of Plaintiff's contentions with the arrest warrant are sufficient to overcome the presumption of probable cause. As such, her claims should be dismissed.

---

[2] Similarly, Plaintiff's assertion that Bellavia may have also been allegedly harassing her has nothing to do with determining probable cause for the charges against <u>her</u>.

5

**POINT II**

**Plaintiff Failed to Set Forth a Basis for Liability Against the County**

Plaintiff fails to appreciate that she has not set forth a cognizable *Monell* claim against the County. A *Monell* claim must be dismissed when there is no underlying constitutional violation. *Lacey v. Yates Cnty.*, 30 F. Supp. 3d 213, 228 (W.D.N.Y. 2014) (Plaintiff has not alleged a valid underlying constitutional deprivation in this case, so his *Monell* claim must be dismissed on this ground). As demonstrated above, Plaintiff cannot establish a constitutional violation. She failed to overcome the presumption of probable cause based on the arrest warrant.

Plaintiff further ignores, and thus concedes, that a *Monell* claim cannot proceed when it is based solely on a single incident. *Wyatt v. City of Lackawanna*, 2020 WL 4504985, at *5 (W.D.N.Y. 2020) (dismissing *Monell* claim because "any alleged harm focuses on a single incident, yet the Second Circuit precedent requires more"); *Worrell v. City of New York*, 2014 WL 1224257, at *12 (E.D.N.Y. 2014) ("[A] single incident of [the plaintiff's] own allegedly negligent investigation is not sufficient to impose municipal liability"). Here, Plaintiff only alleges her own experience, which is insufficient. For this reason, the *Monell* claim must be dismissed.

Plaintiff's other arguments do not save her *Monell* claim from dismissal. She seems to suggest that a New York State statute authorizing investigators, like Investigator Black, to make arrests amounts to an unconstitutional policy by the County. Obviously, her argument has no legal support. *Scalpi v. Town of East Fishkill*, 2016 WL 858916, at *6 (S.D.N.Y. 2016) ("[A] state statute generally cannot be considered a municipal policy for purposes of *Monell*, even if enforced by municipal employees."). Her other argument

6

that the County is liable under *Monell* because the County allowed Investigator Black to have access to its facilities fails on its face. She fails to articulate how access to County facilities is a policy by the County or causally connected to a constitutional violation. *Harper v. City of New York*, 424 Fed. Appx. 36, 38 (2d Cir. 2011) (plaintiff must establish "a causal connection-an affirmative link-between the policy and the deprivation of his constitutional rights."). Similarly, Plaintiff fails to articulate how an undefined policy by the County was the moving force behind Plaintiff being allegedly arrested by Investigator Black. Finally, her desperate attempts to suggest that the County is liable under *Monell* for failure to train are woefully insufficient to establish deliberate indifference. *Greene v. City of New York*, 742 Fed. Appx. 532, 536 (2d Cir. 2018) (a § 1983 claim against a municipality "is at its weakest" when it turns on an alleged failure to train); *see Clarke v. Antonini*, 2022 WL 4387357, at *12 (S.D.N.Y. 2022) ("To survive a motion to dismiss, the complaint must plainly identify the type of training the government employees lacked and include enough factual material…for the court to reasonably infer that the police misconduct was not the result of the individual acts of the arresting officers."); *Griffin v. Delvecchio*, 2016 WL 3232260 (W.D.N.Y. 2016) (dismissing failure to train when plaintiff failed to allege any plausible factual basis for the claim).

## POINT III

### Plaintiff's Conspiracy Claim Remains Deficient

As stated in the Defendants' moving papers, to state a § 1983 conspiracy claim, "a plaintiff must allege: (1) an agreement between two or more actors (at least one a state actor); (2) to act in concert to cause an unconstitutional injury; and (3) an overt act done in furtherance of that agreement, causing damages." *Ocasio v. City of Canandaigua*, 2021 WL 115509, at *6 (W.D.N.Y. 2021) (citing *Ciambriello v. Cnty. of Nassau*, 292 F.3d

7

307, 324-25 (2d Cir. 2002)). Here, Plaintiff failed to allege how or when Investigator Black entered into a conspiratorial agreement with Bellavia. She does not allege any communications, meeting of the minds, or cooperative effort that took place. In opposition, Plaintiff merely argues the Court should apply common sense and find that a conspiracy is plausibly alleged. However, that is not the standard. Plaintiff is still required to set forth sufficient factual details regarding an agreement among the defendants to violate her rights. *Christian v. Town of Riga*, 649 F. Supp. 2d 84, 100 (W.D.N.Y. 2009). She has not done so. Her conspiracy claim remains premised on vague, conclusory, and generalized allegations, which are insufficient.

## POINT IV
### Plaintiff Concedes and Abandons Several Arguments

Plaintiff fails to address, and thus concedes, several arguments made by the Defendants. *Davidson v. Desai*, 817 F. Supp. 2d 166, 187 (W.D.N.Y. 2011). She does not dispute that her equal protection claim should be dismissed because she failed to plead any facts necessary to assert a "selective enforcement" or "class of one" equal protection claim. She does not dispute that she fails to allege a malicious prosecution claim against Investigator Black because his actions do not constitute personal involvement in the prosecution. As set forth in Defendants' moving papers, and undisputed by Plaintiff, Plaintiff's arraignment severed Investigator Black's involvement, thereby abolishing his involvement in the prosecution. *Williams v. City of New York*, 2003 WL 22434151, at *6 (S.D.N.Y. 2003). She does not dispute that the Eleventh Amendment immunity applies to the District Attorney and Investigator Black for any claims brought in their official capacities. Plaintiff also does not dispute that the District Attorney is entitled to absolute immunity. She concedes the Orleans County Sheriff's Office is not capable

8

of being sued. She further concedes that any claim for punitive damages claim against the County must be dismissed.

## POINT V

### Qualified Immunity Still Bars Plaintiff's Claims

As explained in the Defendant's moving papers, Investigator Black is entitled to immunity for his actions. Plaintiff argues Investigator Black should not be entitled to absolute immunity because he was engaged in investigatory actions when she was arrested. However, investigatory actions would still be covered by qualified immunity. *Martinez v. Simonetti*, 202 F.3d 625, 636 (2d Cir. 2000) ("In the context of a qualified immunity defense to an allegation of false arrest, the defending officer need only show 'arguable' probable cause."). Here, any reasonable officer would have believed there was arguable probable cause to charge Plaintiff with harassment based on Bellavia's sworn statement and the 48 pages of messages from Plaintiff to Bellavia that go beyond a court's directive that they only discuss visitation with their children. (Dkt. 45-3, pp. 20, 42, 44-92). Simply because Plaintiff believes Bellavia had an "axe to grind" with her does not negate the arrest warrant or Investigator Black's objective basis for arresting her. She fails to offer any case that shows Investigator Black violated any clearly established law when he charged her with aggravated harassment and harassment in the second degree and obtained an arrest warrant.

## **CONCLUSION**

For the foregoing reasons and those set forth in the Defendants' moving papers, the Defendants request that this action be dismissed in its entirety, and to provide any additional relief that this Court deems appropriate.

Dated:   September 8, 2023

                                  **WEBSTER SZANYI LLP**
                                  Attorneys for Defendants
                                  Orleans County, Orleans County Sheriff's
                                  Department, Orleans County District Attorney,
                                  Corey Black

By:   *s/ Shannon B. Vandermeer*
            Shannon B. Vandermeer
424 Main Street, Suite 1400
Buffalo, New York 14202
(716) 842-2800
svandermeer@websterszanyi.com